Gunn *v.* The Mayor and Council of Macon.

84  365|
120  194

A farmer living outside of a city, who sold therein wood cut from his land as he cleared it for cultivation, and who was not carrying on a wood business as such, and had no office or wood-yard in or out of the city for the purpose of dealing in wood, was not subject to a business or license tax by the city upon his vehicles carrying the wood thereto.

February 10, 1890.

Municipal corporations.   Tax.   License.   Before Judge Gustin.   Bibb superior court.   May term, 1889.

Gunn was tried before the recorder of Macon on the charge of running a wagon in that city without first obtaining a license to do so. He was adjudged guilty and fined ; and upon the overruling of a *certiorari* to this decision, he excepted. For the other facts see the decision.

HARDEMAN, DAVIS & NOTTINGHAM, for plaintiff in error.

C. L. BARTLETT, *contra.*

SIMMONS, Justice.

Under the facts as disclosed by this record, we think the trial judge erred in not sustaining the *certiorari*. The tax sought to be collected from Gunn was a business and not a property tax. Under the charter of the city of Macon, the mayor and council have a right to impose a business tax upon each and every person doing business in said city, and they have a right to impose this business tax in the way of requiring owners of wagons to take out a license therefor when said wagons are engaged in carrying on the owner's business in said city. But under the facts of this case, Gunn was not carrying on any business in the city. He simply farmed near thereto, and clearing up his land for agricultural purposes, he saved the wood, hauled it to the city and sold it. He was not carrying on the wood business as a business, but simply sold the wood from his land as he cleared the same for the purpose of cultivation. He did not live in the city, but in the country. Nor did he have any office or wood-yard in the city or elsewhere for the purpose of carrying on the business of dealing in wood. We think the city authorities could with equal propriety tax every wagon belonging to a farmer who brought his cotton or his corn to the city for the purpose of sale. It seems to us that the bringing of cotton, corn or other agricultural products, to the city for sale by farmers, would be engaging in business in the city just

as much as for Gunn to bring in his surplus wood and sell it in the city. The case differs from the case of *Davis* v. *The Mayor and Council of Macon*, 64 *Ga*. 128. In that case Davis was a middle-man. He had his butcher stalls outside of the city, it is true, but he bought beef cattle from farmers and others, butchered them outside of the city, ran his wagons into the city, and delivered his beef to regular customers. While his slaughter-pen was outside of the city, all his business save the slaughtering was done in the city, and this court properly held that he carried on a business in the city and was therefore liable to the license tax on his vehicles. In the present case it does not appear that Gunn purchased any wood from others for the purpose of selling it in the city, or that he had any office or wood-yard either in the city or outside of the city limits, but that he simply cut the wood from his own land, corded it, sawed it, and sent it to the city for sale just as he would his cotton, corn or watermelons. If it had been shown that Gunn had a wood-yard, either within or outside the city limits, for the purpose of dealing in wood, and that he carried on a regular business of selling wood in the city (as in the case of Davis, *supra*), then in our opinion he would be subject to the license tax. But as he carries on no regular business in the city, but simply sends in his surplus wood to the city for sale in his own wagons, we do not think, under the facts disclosed by this record, that the city authorities had any right or power to require him to pay a license upon his vehicles so engaged in bringing in and selling the products of his farm within the city.

*Judgment reversed.*