## ROGERS *v.* CITY OF SANDERSVILLE.

1. One is "engaged in the business of posting bills and distributing advertise-
   ments" who performs these services for others and for hire.
2. But one who has been employed as a salesman can not be said to be engaged
   in the "business" of posting bills and distributing advertisements, who does
   so solely as an incident to the selling for which he has been employed, and
   only for the purpose of advertising the wares of his principal.

Argued April 23, — Decided May 10, 1904.

Certiorari.    Before Judge Evans.    Washington superior court.
March 15, 1904.

Rogers was the agent of Church & Dwight Company of New
York, and represented them in selling their cooking soda.    He
sold to merchants throughout the different States, and the goods
were shipped from the New York house.  In connection with sell-
ing soda he distributed the advertising matter of Church & Dwight

Company, and posted their signs, but he did not distribute advertising matter for any other person. He was a resident of Virginia. He had no place of business in Sandersville. The marshal of that city testified that he first saw Rogers on January 2, 1904, and found him engaged in the business of tacking up signs. He was then posting bills and distributing advertisements for Church & Dwight's sodas, but not distributing any other advertising of any other firm. He failed to show the license required by the ordinances, and was thereupon arrested. The city clerk testified that no license had ever been issued to Rogers. He was charged with the offense of " engaging in the business of bill poster and distributor of bills and advertisements without first obtaining license and registering his name and business," as required by the charter and ordinances of Sandersville. The defendant was found guilty by the mayor, and by certiorari assigned as error that the judgment was contrary to law and contrary to evidence; that the conviction was further erroneous in that if in the transaction complained of he was " engaged in the business of posting bills," it was interstate business, so as to relieve him from the operation of the ordinance; that the ordinance was also void in that it attempted to impose a tax and require a license of traveling salesmen, contrary to the act approved December 4, 1896 (Acts 1896, p. 36). The judge of the superior court overruled the certiorari and sustained the conviction; whereupon Rogers excepted.

*W. E. Armistead*, for plaintiff in error.
*J. E. Hyman*, by *J. K. Hines*, contra.

LAMAR, J. It is well known that in many cities there are persons who are engaged in the business of posting bills and distributing other advertising matter. They hold themselves out as ready to perform this service for the public generally. They engage in it for profit. It is their occupation. By it they undertake to advertise the wares of others. They receive pay for their work in giving publicity to what others wish made known. To those thus engaged in Sandersville the tax ordinance will apply. But one may post bills and distribute advertisements without engaging in it as a business. It may be only casually or occasionally that he does so. He may do this gratuitously and to give notice of meetings, public events, or matters in which there is no element of trade or

gain. Again, he may post or distribute bills, not as a business in itself, but only as an incident to his real business of selling his own goods. If a merchant should post bills in his store window or on his neighbor's fences, or should distribute circulars to advertise his own wares, it could not be claimed that in doing so he had engaged in this as a business. Nor would the legal character of the transaction be changed if he sent out one of his regular employees to do the same work. In both cases the advertisement of his goods would be an incident to the real business of selling merchandise, rather than an engagement in the new and independent business of posting bills and distributing advertising matter. A man may have more than one business, and be taxed for each; but where he has only one, he can not be said to engage in others merely because transactions incidental to his business were of a character which could be so conducted as to amount to an independent occupation. In the case at bar the defendant was a traveling salesman. He did not undertake to post bills for the public or to advertise the goods sold by others. What he did was for the purpose of making or increasing sales, and the various steps leading to that end were part and parcel of the business of selling. There was nothing in the evidence to show that he had engaged in the business of posting bills and distributing advertisements in the sense prohibited by the ordinance. *Gunn* v. *Macon,* 84 *Ga.* 365; *Mayor of Savannah* v. *Dehoney,* 45 *Ga.* 33. Compare *Fish* v. *Chapman,* 2 *Ga.* 354.

*Judgment reversed. All the Justices concur, except Evans, J. disqualified.*