COLEMAN *v.* LITTLE ROCK.

4-4168

Opinion delivered December 2, 1935.

E. W. Moorhead, for appellants.

Ed I. McKinley, Jr., and Carl Jaggers, for appellee.

SMITH, J. Appellants who operate dairies near the city of Little Rock brought this suit to restrain the city from collecting an inspection fee from them. The relief prayed was denied, and they have appealed.

The fees complained of are collected under the authority of city ordinances No. 4017 and No. 4405, and these are attacked upon the grounds that (a) they were enacted without authority and (b) are unfair, excessive and discriminatory.

Under ordinance No. 4017 dairymen selling milk in the city of Little Rock are required to pay an inspection fee of $1 for each cow milked with a minimum fee of $10. This is the fee applicable to grade A dairymen of whom there are 110. Grade B dairymen are charged $3 for the first cow milked and 25 cents for each additional cow. Pasteurizing plants of which there are three in the city pay a flat fee of $100. Testimony was offered to the effect that these plants handled more milk than do all the grade A dairymen. It is finally insisted that ordinance No. 4017, which fixes the inspection fees, has been repealed by the later ordinance which contains no provisions requiring fees to be paid.

The power of the city to enact the ordinances in question is settled by the opinion in the case of Carpenter v. Little Rock, 101 Ark. 238, 142 S. W. 162, where the validity of a similar ordinance was upheld, notwithstanding the provisions of the act of the General Assembly approved May 31, 1911, which appears as § 7533 of Crawford & Moses' Digest. This is conceded, but we are asked to overrule that case. This we decline to do, as

the opinion appears to be sound and to be fully sustained by the authorities.

The argument that the fees are excessive and that the ordinances were passed not for the purpose of regulation but as revenue measures may be answered by saying that the undisputed testimony shows that the duties imposed by the ordinances are discharged at a cost in excess of the revenues produced.

In answer to the argument that ordinance No. 4017 discriminates against grade A dairymen in favor of grade B dairymen and against both classes in favor of the pasteurizing plants in the city, it may be said that the grade A dairymen sell direct to the consuming public whereas the grade B dairymen sell to pasteurizing plants where the milk is treated for the purpose of insuring purification. No laboratory tests are required by the ordinance of milk from grade B dairymen while such tests are required and are frequently made of the milk from the grade A dairymen. It does appear that the inspection of the cows is the same at both classes of dairies, including the tuberculosis test, and that the same inspection is made of the dairy plants and the appliances there in use. The pasteurizing plants are all in the city, whereas the dairies are located in various directions and distances from the city. This testimony is not sufficient to authorize and to require the finding that the classification of dairies is so unreasonable as to be arbitrary and discriminatory nor that there has been any discrimination in favor of the pasteurizing plants. *Fort Smith* v. *Roberts,* 177 Ark. 821, 9 S. W. (2d) 75.

It is finally insisted that ordinance No. 4017 was repealed by ordinance No. 4405. There is no express repeal of the first by the latter but it is insisted that it was impliedly repealed in that the later ordinance takes up anew the whole subject and covers the entire ground of the subject-matter of the former, and was evidently intended as a substitute for it. If this be true, it has been repealed by implication. *State* v. *White,* 170 Ark. 880, 281 S. W. 678.

Ordinance No. 4017, which consists of 39 sections, is entitled, "An ordinance to protect the health of the citi-

zens of Little Rock by providing for milk and dairy inspection, and providing a penalty for violation, and for other purposes." Ordinance No. 4405, which consists of 19 sections is entitled, "An ordinance defining 'milk' and certain 'milk products,' 'milk producer,' 'pasteurization,' etc., prohibiting sale of adulterated and misbranded milk and milk products, requiring permits for the sale of milk and milk products, regulating the inspection of dairy farms and milk plants, the testing, grading, labeling, placarding, pasteurization, regrading, distribution, sale and denaturing of milk and milk products, providing for the publishing of milk grades, the construction of future dairies and milk plants, the enforcement of the ordinance, and the fixing of penalties."

The later ordinance elaborates the duty of inspections and contains detailed directions in regard thereto but it makes no provision whatever for the payment of the expenses of the vast operations which it authorizes and directs. The undisputed testimony shows that the milk department of the city depends principally upon the fees which the first ordinance authorizes, and, unless the two ordinances are read together, no provision is made for the expenses of the inspection and other operations which the later ordinance requires. The first ordinance was passed in 1926 and the second in 1929, and the city has proceeded since this last date as if the two read together comprised the law of the subject. There appears to be no repugnancy between the later ordinance and the provisions of the first ordinance imposing the fees complained of. On the contrary, these fees appear to be indispensably necessary to the discharge of and the payment for the services which the second ordinance directs, and we conclude therefore that there has been no implied repeal of the first ordinance. The court below refused to enjoin the collection of these fees; and as this action is correct the decree must be affirmed, and it is so ordered.