GEORGIA MILK PRODUCERS CONFEDERATION *v.*
CITY OF ATLANTA *et al.*

No. 11873. SEPTEMBER 15, 1937. REHEARING DENIED DECEMBER 9, 1937.

*Etheridge, Belser & Etheridge,* for plaintiff.

*J. C. Savage, C. S. Winn, Bond Almand,* and *J. C. Murphy,* for defendants.

JENKINS, Justice. 1. The term "agricultural products" is expressly defined in the act approved August 15, 1921 (Ga. L. 1921, p. 139; Code, § 65-201), known as the "co-operative marketing act," as including "dairy . . products." Thus, where, as under the averments of the instant petition, the plaintiff corporation was organized under this act as a non-profit co-operative association for the marketing of dairy products for its individual members, it was entitled to an application of this legislative construction of the term "agricultural products" in determining whether such dairy products were exempt under a State statute exempting "agricultural products" and their "sales" from municipal taxation. In considering its right to such an exemption, where the "dairy products" of its members were produced in the State and immediately marketed and sold by the association on open account to purchasers, the association occupied the status of its individual members as to such production and sales. See Yakima Fruit Growers Association v. Henneford, 182 Wash. 437 (47 Pac. (2d) 831, 100 A. L. R. 435); City of Owensboro v. Dark Tobacco Growers Association, 222 Ky. 164 (300 S. W. 350).

2. The act approved February 24, 1873 (Ga. L. 1873, pp. 67, 68; Code, §§ 5-603, 5-604), provides that "no municipal corporation shall levy or assess a tax . . on any agricultural products raised in this State, or the sales thereof . . until after the expiration of three months from the time of their introduction into said corporations." If a city ordinance assesses a specific tax on the gross sales of such products, it violates the act. An attempted levy by a municipal corporation of an ad valorem tax on accounts receivable for moneys due to a co-operative marketing agency, such as described, from the sales of the dairy products of its members is in effect a tax on the gross sales of such products, and falls within the inhibition of the Code, § 5-603. See *Mayor &c. of Columbus* v. *Flournoy*, 65 *Ga.* 231. For this reason, it was error to dismiss on general demurrer the petition for injunction against the municipality and its collecting officer, seeking to restrain the collection of such tax. This decision renders it unnecessary to determine whether, as contended, the accounts receivable for the dairy products were exempt in whole or in part, under the Code, § 92-201 or 92-1602. No question is raised as to the constitutionality of Code §§ 5-603 and 5-604.

194

Judgment reversed. All the Justices concur, except Beck, P. J., and Bell, J., absent because of illness.