## CITY OF ATLANTA *et al. v.* GEORGIA MILK PRODUCERS CONFEDERATION.

No. 12405.   NOVEMBER 19, 1938.

*J. C. Savage, C. S. Winn, Bond Almand,* and *J. C. Murphy,* for plaintiff in error.

*Morgan Belser* and *Philip F. Etheridge,* contra.

DUCKWORTH, Justice.   Upon the previous appearance of this case in this court, in reversing the trial court upon exceptions to the sustaining of a general demurrer to the petition of the Georgia Milk Producers Confederation against the City of Atlanta and Riley F. Elder as municipal revenue-collector and ex-officio marshal of said city, seeking to enjoin enforcement of certain tax executions, it was held:   "An attempted levy by a municipal corporation of an ad valorem tax on accounts receivable for moneys due to a co-operative marketing agency, such as described [the plaintiff], from the sales of dairy products of its members, is in effect a tax on gross sales of such products, and falls within the inhibition of the Code, § 5-603," which provides that "no municipal corporation shall levy or assess a tax  .  .  on any agricultural products raised in this State, or the sales thereof,  .  .  until after the expiration of three months from the time of their introduction into said corporations." *Georgia Milk Producers Confederation* v. *Atlanta,* 185 *Ga.* 192 (194 S. E. 181).   The defendants then by answer attacked Code, § 5-603 (Ga. L. 1873, p. 67), as violative of art. 7, sec. 2, par. 1 of the constitution of this State (Code, §. 2-5001), declaring that "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws," in that it exempts accounts receivable arising from said sources from ad valorem taxes imposed by the City of Atlanta under its charter and under the laws of the State of Georgia, whereas all other accounts receivable are subject to taxation by the City of Atlanta; and as violative of art. 7, sec. 2, par. 4, of the constitution of this State (Code, § 2-5005), declaring that "All laws exempting property from taxation other than the

property herein enumerated shall be void," in that accounts receivable are not enumerated under paragraph 2 of said article and section (Code, § 2-5002) as being exempt from taxation. The court (before whom the case was submitted upon an agreed statement of facts without the intervention of a jury), rendered a judgment in favor of the plaintiff permanently enjoining enforcement of the tax executions. The defendants excepted.

1. The ruling by this court when the case was here before is the law of the case, and upon its present consideration the tax imposed must be considered as a tax on the gross sales of agricultural products. A tax on a business or occupation because measured by the number of pieces of property used in said business or occupation, although the pieces of property are subject to ad valorem taxation, is not a tax on property within the meaning of that term as used in the const., art. 7, sec. 2, par. 1 (Code, § 2-5001), declaring that taxation shall be ad valorem upon all property, but is merely a tax on the business or occupation. *Goodwin* v. *Savannah,* 53 *Ga.* 410; *Davis* v. *Macon,* 64 *Ga.* 128 (37 Am. R. 60); *Sawtell* v. *Atlanta,* 138 *Ga.* 687 (75 S. E. 982); *Price* v. *Richardson,* 159 *Ga.* 299 (125 S. E. 449). It follows that a tax on sales, which may constitute a part or all of the business of the party taxed, is not a tax on property within the meaning of the constitution, merely because the tax is measured by the accounts receivable resulting from sales.

2. A tax on gross sales is not a tax on property in the sense in which that word is used in the constitution of this State (§ 2-5001), declaring that "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax." "Property" in common parlance and within the meaning of this provision of the constitution is not intended to include all species of property (*Fetherstone* v. *Norman,* 170 *Ga.* 370, 381, 153 S. E. 58, 79 L. R. A. 449); but property upon which value can be placed (*Atlanta National Building & Loan Asso.* v. *Stewart,* 109 *Ga.* 80, 88, 96, 97, 35 S. E. 73); and which is capable of ownership. *Verdery* v. *Summerville,* 82 *Ga.* 138 (8 S. E. 213), Texas Co. *v.* Brown, 266 Fed. 577, 580. See also *Hartridge* v. *Savannah,* 8 *Ga.* 23. Nothing to the contrary was ruled in *Pearce* v. *Augusta,* 37 *Ga.* 597. See *Mutual Reserve Asso.* v. *Augusta,* 109 *Ga.* 73, 75 (35 S. E. 71).

3. It follows that sales of agricultural products not being property within the meaning of that term as used in art. 7, sec. 2, par. 1 (Code, § 2-5001) of the constitution of this State, the act of 1873 (§ 5-603) exempting such sales from taxation is not inhibited by art. 7, sec. 2, par. 4 (§ 2-5005) of the constitution, declaring that "All laws exempting property from taxation other than the property herein enumerated shall be void" (art. 7, sec. 2, par. 2, § 2-5002).

4. Nor is said act violative of art. 7, sec. 2, par. 1 (§ 2-5001), declaring that taxation shall be uniform upon the same class of subjects. Whether or not such provision would have application at all where it is not shown that the act attacked or any other act levied or permitted the levy of a tax on sales in general, but only that an exemption of certain sales from taxation is allowed, we do not decide. If applicable, however, the legislature has authority to classify as to taxes not on property within the meaning of the constitution, and to be uniform such taxation need not be universal. Certain objects may be its subjects and others may be exempted from its operation. All the law requires is that classifications be reasonable. A classification exempting the sale of agricultural products from taxation is reasonable. See *Wright* v. *Hirsch*, 155 *Ga.* 229 (116 S. E. 795); *Fetherstone* v. *Norman*, supra, and cit.

5. The court did not err in enjoining enforcement of the tax executions, on the ground that such tax was inhibited by the provisions of the Code, § 5-603.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness.*