ROSSMAN *et al. v.* CITY OF MOULTRIE *et al.*

No. 13138. FEBRUARY 16, 1940.

682

*L. L. Moore,* for plaintiffs. *Hoyl H. Whelchel,* for defendants.

GRICE, Justice. The principal argument at the bar was whether the ordinance under attack imposed a license tax for revenue purposes, or was it a regulatory measure providing a reasonable compensation for the expense of inspection under the police-power ordinance? Counsel for plaintiffs in error insist that the ordinance is one imposing a tax for revenue, and rather concede that if it were a mere regulatory measure the city was justified in imposing it. Under the evidence the $15 charge is reasonable in amount if it be a license fee. The following facts incline us to

the view that the plaintiffs' contention as to the character of the ordinance is correct: (a) The ordinance imposing the charge is denominated a "special tax ordinance" and provides that "the following license and occupational taxes shall be levied and collected in the City of Moultrie for the tax year beginning February 1, 1939, and ending January 31, 1940." (b) The ordinance imposing the charge makes no reference to the regulatory ordinance or in any manner indicates that the charge is a license *fee*. (c) The regulatory ordinance provides that in respect to obtaining permits thereunder, section 7, "There shall be no charge for such permits, but in accepting same the applicant agrees to furnish free of charge such samples of milk as inspector may take for analysis, provided each sample be not more than one kind of milk or cream." (d) The regulatory ordinance applies to *all* producers of milk for sale in the city, while the ordinance imposing the charge affects only persons having more than six cows.

So treating it, nevertheless we are of the opinion that the plaintiffs were not entitled, on any ground urged in the petition, to an injunction against its enforcement. We are concerned merely with the powers of the municipality to enact the ordinance. The tax is not void as to petitioners under art. 1, sec. 1, par. 3, of the constitution of this State (Code, § 2-103), as urged, in that it deprives them of their properties without due process, nor void under art. 1, sec. 1, par. 25, of the constitution of Georgia (Code, § 2-125), in that they are denied the full enjoyment of their rights.

The further contention is made that petitioners are exempt from the tax under the Code, § 92-4105, which is as follows: "The authorities of any municipal corporation shall not levy or collect any tax or license from a traveling salesman engaged in taking orders for the sale of goods where no delivery of goods is made at the time of taking such orders." Under this record it is clear to us that petitioners are not entitled to this exemption. Under no view do we think that these dairymen are such traveling salesmen as are there described. The exemption from taxation here provided for can not exist where the vendors make both sales and deliveries in the municipality levying the tax. *Wofford Oil Co.* v. *Pitts,* 178 *Ga.* 339 (2) (173 S. E. 384). Nor are they exempt under the Code, § 5-603, which provides that "No municipal corporation shall levy or assess a tax on cotton or the sales thereof, nor levy or assess a

tax on any agricultural products raised in this State, or the sales thereof (other than cotton), until after the expiration of three months from the time of their introduction into said corporations." We are fortified in this view by the presence in the quoted section of the clause "until after the expiration of three months from the time of their introduction into said corporation." This could hardly refer to fresh milk delivered by dairymen. It rather indicates that the lawmakers had in mind those products sown or planted in, and springing directly from, the soil—fructus industriales.

We are dealing here not with power of the General Assembly to exempt dairy products from municipal taxation, but the question is, have the law-making authorities done so? Nothing to the contrary was decided in *Georgia Milk Producers Confederation* v. *Atlanta,* 185 *Ga.* 192 (194 S. E. 181). There the sole question was whether a levy by a municipality of an ad valorem tax on accounts receivable for moneys due to a non-profit co-operative association organized for marketing dairy products of its members is in effect a tax on the gross sales of the products, and therefore violative of Code § 5-603. That decision had as its foundation the fact that the term "agricultural products" is expressly defined in the act known as the "co-operative marketing act" as including "dairy . . products." Nor is the case controlled by *Gunn* v. *Macon,* 84 *Ga.* 365 (10 S. E. 972), where it was ruled that a farmer living outside of a city, who sold therein wood from his land as he cleared it for cultivation, and who was not carrying on a wood business as such, and had no office or wood yard in or out of the city for the purpose of dealing in wood, was not subject to a business or license tax by the city upon his vehicles carrying the wood thereto. While under some statutes, and in some situations, dairy products may be held to be included in the term "agricultural products," we are satisfied that it would be an unsound ruling to conclude that such they were under the Code section last cited. The case of *Davis* v. *Macon,* 64 *Ga.* 128 (37 Am. R. 60), dealt with the very same act. In the opinion, Judge Bleckley pertinently observes: "If fresh or butcher's meat can be classed as an agricultural product, without something in the context of the statute to show that the phrase, agricultural products, was, in this particular instance, used in a sense animal as well as in a sense vegetable, there ought

to be evidence that the meat in question was produced in the pursuit or by the fruits of agriculture. Cattle, so far as we know, may be Georgia raised and belong to farmers, and yet never have consumed a pound of food derived from agriculture." While the *Davis* case involved fresh meats, and not milk, we think the principle there decided is applicable here. We conclude that under their allegations, petitioners were carrying on a regular business within the city. Compare *Pratt* v. *Macon*, 35 *Ga. App.* 583, 584 (3) (134. S. E. 191). The injunction was properly refused.

*Judgment affirmed. All the Justices concur.*