**CITY OF GREENVILLE et al. v.
CABELL'S, Inc.
No. 6336.**

Court of Civil Appeals of Texas. Texarkana.
Dec. 11, 1947.

Rehearing Denied Jan. 8, 1948.

Allen Clark and L. L. Bowman, Jr., both of Greenville, for appellants.

A. S. Rollins, of Greenville, and A. J. Thuss, Jr., of Dallas, for appellee.

HALL, Chief Justice.

On August 20, 1947, appellee Cabell's, Inc., hereinafter referred to as Cabell's, filed its petition in the District Court of Hunt County, Texas, seeking a temporary restraining order against appellants City of Greenville, hereinafter referred to as city, its governing body and Dr. R. W. Jenks, its city health officer, from molesting Cabell's by attempting to enforce an ordinance regulating the sale of milk within said city, and praying that said city be cited to show cause within a reasonable time why a temporary injunction should not issue enjoining and restraining it and its governing body and Dr. Jenks from molesting or interfering with Cabell's in the sale and distribution of Grade "A" pasteurized homogenized milk within the city limits of said city. Cabell's prayed further that upon a final hearing that said injunction be made permanent. The trial court set the hearing on the application for August 22, 1947. The hearing was reset for September 12, 1947, and was finally heard on September 23, 1947. The city answered on August 29, 1947, alleging that the ordinances complained of by Cabell's in its original petition had been repealed and were no longer in effect. Further, the city alleged that it had adopted Vernon's Ann.Civ.St. Article 165—3, together with the rules and regulations promulgated thereunder by the State health officer, and that Cabell's had made no application for a permit in compliance with said Act and the regulations thereunder; that the granting or denial of the permit under the law is discretionary with the health officer of the city and is not subject to judicial interference by the courts. On September 11, 1947, Cabell's filed its trial amendment, setting up that it had made written application for a permit to sell milk and milk products in the city of Greenville, in which application it offered to produce the necessary evidence in support thereof. In this pleading Cabell's sought a mandatory injunction against the city and its officers.

Upon the issues thus joined trial was before the court without a jury and resulted in a judgment for Cabell's.

Appellants assert that the court erred in holding that the failure of Dr. Jenks to act upon the application of Cabell's for a permit was arbitrary and capricious and an abuse of the discretion. The provisions of the judgment pertinent here are as follows:

"The court finds that the plaintiff (Cabell's) has substantially complied with all of the requirements of the laws of the State of Texas and with the requirements of any valid ordinance of the city of Greenville and that the City Health Officer of the city of Greenville, in failing to act upon the application of the plaintiff for permit to sell and distribute its Grade 'A' pasteurized milk and Grade 'A' homogenized milk, has acted arbitrarily and capriciously and has abused the discretion vested in him in such matters and that the allegations of plaintiff's original petition and its supplemental petition, which has been filed as a trial amendment, are true.

"It is therefore ordered, adjudged and decreed by the court that. a temporary mandatory injunction issue herein commanding the defendant, Ralph W. Jenks, City Health Officer of the city of Greenville, to issue to the plaintiff a permit to sell its Grade 'A' pasteurized milk and its Grade 'A' pasteurized homogenized milk in the city of Greenville and other products produced, processed and prepared in conformity with the State and Federal regulations and the City of Greenville, its officers and the defendants, Ralph W. Jenks, City Health Officer, are temporarily enjoined from molesting or interfering with the plaintiff in its said business in the sale and distribution of Grade 'A' pasteurized milk and Grade 'A' pasteurized homogenized milk until this cause can be heard on its merits."

Shortly before Cabell's filed its original application for a temporary restraining order it made application, orally, to Dr. Jenks, Health Officer of the city of Greenville, for a permit to sell milk and milk products in said city. It was informed by Dr. Jenks that he was powerless to act in

the matter for the reason that under an ordinance of said city (dated 1928) all pasteurized milk sold in the city must be pasteurized within Hunt County, of which Greenville is the county seat. The ordinance upon which Dr. Jenks mistakenly based his refusal of the permit was superseded by the ordinance of 1939, by which the city adopted the benefits of the legislative act of 1937, Vernon's Ann.Civ.St. Art. 165—3. No serious contention is made that the 1928 ordinance is now in force requiring pasteurization of milk to be in Hunt County, so no further notice will be taken of this feature of the case.

This case is ruled by Vernon's Ann.Civ. St. Art. 165—3, adopted in 1937, and is part of the ordinances of the said city. The ordinances provide for the application to and issuance of a permit by the city health officer of the city of Greenville to any one proposing to sell milk within the limits of said city. On or about August 28, 1947, Cabell's made a written application to Dr. Jenks, City Health Officer of said city, to sell milk products within the limits of the city of Greenville, and thereafter on September 11, 1947, Cabell's filed its trial amendment seeking a mandatory injunction requiring Dr. Jenks to issue to it a permit to sell milk products within said city. Cabell's alleged further that the action of the City Health Officer in refusing its oral application for a permit made before the filing of this suit, was arbitrary and capricious, and the refusal of said health officer to act upon its written application "is not because the milk proposed to be sold in Greenville by plaintiff (Cabell's) does not fully comply with all the legal requirements but is capricious and arbitrary and for the purpose of continuing a trade barrier against all outside milk and preventing the sale of any milk in Greenville except that which is processed in Greenville." As heretofore pointed out, trial was had on September 23, 1947.

This point presents the question of the sufficiency of the evidence to sustain the finding of the trial court, namely: "That the plaintiff has substantially complied with all of the requirements of the laws of the State of Texas and with the requirements of any valid ordinance of the city of Green-

ville and that the City Health Officer of the city of Greenville, in failing to act upon the application of the plaintiff for permit to sell and distribute its Grade 'A' pasteurized milk and Grade 'A' homogenized milk, has acted arbitrarily and capriciously and has abused the discretion vested in him in such matters and that the allegations of plaintiff's original petition and its supplemental petition, which has been filed as a trial amendment, are true."

From shortly before August 20, 1947, until the trial of this case in the court below on September 23, 1947, the only investigation made by Dr. Jenks with respect to Cabell's application to sell milk in said city was (a) a trip to Austin for a conference with the State Health Officer; (b) a letter written to Dr. Bass, City Health Officer of Dallas, seeking certain data with respect to Cabell's, and securing an analysis of two quarts of Cabell's milk for butter fat content. Dr. Jenks has made no investigation of Cabell's plant in Dallas, which the record shows to be about fifty miles distant from Greenville, nor has he conducted any investigation with reference to the source of Cabell's milk supply. On the other hand, the record shows that Cabell's milk is Grade "A" pasteurized and Grade "A" pasteurized homogenized; that Cabell's sells milk and milk products in the city of Dallas and several surrounding cities; that said plant and source of supply are examined by inspectors both of the state and the city of Dallas at regular intervals; that its milk products have passed state and federal inspections and is being transported in interstate commerce.

 Under the milk ordinances of said city all that concerns Dr. Jenks and the city of Greenville is whether Cabell's milk and milk products meet the standards fixed by said city in its milk code and ordinances. These facts, in our opinion, are amply shown by this record, as outlined above. Dr.

Jenks testified that he had refused Cabell's a permit, and another part of his testimony shows that he had failed to grant it a permit to sell milk and milk products in the city of Greenville. In a situation where the city health officer fails after a reasonable time to make a proper inspection in order to determine whether or not a permit to sell milk in the city should be granted, or where he refuses a permit, an issue of fact is then presented for a court to hear and determine the issue. And when it is shown, as here, that Cabell's products meet the requirements of the city's milk code, then its right to a permit becomes complete, and a refusal to grant it under such circumstances becomes arbitrary. Therefore, we have concluded that the evidence supports the findings of fact and the judgment of the trial court. Samson v. Mercer, 68 Tex. 488, 5 S.W. 62, 2 Am.St.Rep. 505; Miller v. State, Tex.Civ.App., 53 S. W.2d 838; see also City of West University Place v. Martin, Tex.Civ.App., 113 S. W.2d 295.

"Milk and other dairy products are legitimate subjects of commerce and the right to sell them should not be abridged by legislative bodies further than reasonably to protect and safeguard the public health." Prescott v. City of Borger, Tex.Civ.App., 158 S.W.2d 578 (w/r).

The city of Greenville is not without redress should the grade of Cabell's milk fall below the standard fixed by its ordinances. It has the power to cancel said permit for failure of Cabell's to deliver milk up to the standard. Nowotny v. City of Milwaukee, 140 Wis. 38, 121 N.W. 658, 133 Am.St.Rep. 1060, and authorities there cited.

Other points advanced by appellant have been examined, and are respectfully overruled.

The judgment of the trial court is affirmed.