**PRODUCERS ASSOCIATION OF SAN ANTONIO et al., Appellants,**

v.

**CITY OF SAN ANTONIO, Appellee.**

No. 13475.

Court of Civil Appeals of Texas.

San Antonio.

June 10, 1959.

Rehearing Denied July 7, 1959.

Frank D. Masters, Harold S. Nelson, San Antonio, for appellants.

Carlos C. Cadena, Charles L. Smith, San Antonio, for appellee.

BARROW, Justice.

This action was brought by Producers Association of San Antonio and certain milk producers as intervenors, to enjoin the enforcement of Ordinance No. 25345, passed by the City Council of San Antonio and adopted on July 25, 1957, which ordinance established certain license, permit and/or inspection fees to be paid by the milk producers whose milk is sold or offered for sale in the City of San Antonio.

After a trial to the court, judgment was rendered in favor of the City of San Antonio and denying Producers Association of San Antonio and intervenors the injunction sought. This appeal is from that judgment.

The City of San Antonio, a home rule city, has a comprehensive milk ordinance which was adopted on or about April 22, 1954. The grading and labeling requirements of this ordinance were passed in compliance and in harmony with the specifications and requirements promulgated by the State Health Officer, as authorized by Article 165-3, Vernon's Ann.Civ.Stats., which State specifications and requirements were taken from the United States Public Health Service Milk Ordinance and Code. Section 15, subdivision (b), of the San Antonio Milk Ordinance, which was

amended by Ordinance No. 25345, provided for the payment of a permit, license and/or inspection fee of $12 per annum as a condition precedent to obtaining a producer's permit to bring milk or milk products into the City of San Antonio.

On or about July 25, 1957, the City Council amended subdivision (b) of Section 15, of said San Antonio Milk Ordinance by Ordinance No. 25345, which provided for an increase in the fees to be paid by the milk producers, viz., an inspection fee of $20 per year, plus a mileage fee based upon the distance from San Antonio to the particular dairy farm involved, as follows:

| Miles from San Antonio | Annual Mileage Fee |
|---|---|
| Up to 40 | $13.00 |
| 40 to 80 | 39.00 |
| 80 to 120 | 65.00 |
| 120 to 160 | 91.00 |
| 160 to 200 | 117.00 |
| Over 200 | 143.00 |

Said ordinance also provided for a re-inspection fee to be paid in accordance with the following schedule:

| Miles from San Antonio | Fee for Re-inspection |
|---|---|
| Up to 40 | $ 11.08 |
| 40 to 80 | 3.35 |
| 80 to 120 | 5.42 |
| 120 to 160 | 7.58 |
| 160 to 200 | 9.75 |
| Over 200 | 11.92 |

By appellants' first point they contend that the ordinance is unconstitutional and void, in that it provides for the levy of an occupation tax on agricultural products contrary to the provisions of Article 1, Sec. 8, of the Constitution of the State of Texas, Vernon's Ann.St.

It is apparent from the face of Ordinance No. 25345 that it is an amendment of the original Milk Ordinance, and in determining its meaning, effect and purpose it is to be construed along with and as a part of said original ordinance. 39 Tex. Jur. 257, Statutes, § 136. This point is overruled.

As said by the Supreme Court in Hurt v. Cooper, 130 Tex. 433, 110 S.W.2d 896, 899, "It is sometimes difficult to determine whether a given statute should be classed as a regulatory measure or as a tax measure." However, the rule for determining this question is well settled, that if from a consideration of the ordinance as a whole, the primary purpose of the fees provided for therein is the raising of revenue, then such fees are in fact occupation taxes. On the other hand, if the primary purpose appears to be that of regulation, then the fees imposed are license fees. Hurt v. Cooper, supra; City of Fort Worth v. Gulf Refining Co., 125 Tex. 512, 83 S.W.2d 610. The word "revenue" as used above means the amount of money which is excessive and more than reasonably necessary to cover the cost of regulation, and not that which is necessary to cover cost of inspection and regulation. City of Fort Worth v. Gulf Refining Co., supra; H. Rouw Co. v. Texas Citrus Commission, 151 Tex. 182, 247 S.W.2d 231; City of Amarillo v. Maddox, Tex.Civ.App., 297 S.W.2d 750; Reed v. City of Waco, Tex.Civ.App., 223 S.W.2d 247.

The evidence shows, without dispute, that the cost of inspecting dairies is approximately $38,475.50 per year, while the fees imposed by the ordinance would yield an estimated $30,369 per year. Thus it is evident that the license fees provided for in the ordinance are not revenue, but license fees to cover in part the cost of inspection and regulation. Hence appellants' first point is without merit.

Appellants' second and third points involve the question of whether the City of San Antonio, a Home Rule City, is authorized by Articles 1175, 1176 and 165–3, Vernon's Ann.Civ.Stats., the City Charter, and the specifications and regulations promulgated by the State Health Officer, to inspect, regulate and license milk producers located beyond its City limits, whose milk is sold or offered for sale within the city limits, and to require the payment of a permit or license fee to defray the cost of such inspection, regulation and licensing; and whether or not

such ordinance and its provisions are in conflict with the State law on the subject.

In 1937, the Legislature of Texas passed Art. 165–3, a comprehensive milk grading and pasteurization statute. Pursuant to this Statute, in 1942 the State Health Officer adopted and promulgated specifications and regulations for grading and labeling milk in Texas. These specifications and regulations are in harmony with the United States Milk Ordinance and Code.

Appellants contend, first, that Art. 165–3 does not apply to them, since they do not label their milk or sell directly to the consumer; second, that Section 19, of Art. 1175, only gives the City power to inspect and not to license and regulate, and that Section 23 of Article 1175, gives cities no powers with reference to milk producers who produce outside the city limits; and third, that the City Charter of the City of San Antonio, which gives the City power and authority to inspect, regulate and license milk producers who bring their milk and milk products into the City for sale, and to charge reasonable license fees therefor, is in conflict with Articles 1175 and 165–3, Vernon's Ann.Civ.Stats., and thus invalid.

Article 165–3 authorizes the State Health Officer to promulgate requirements and specifications upon which the grades of milk and milk products are to be determined. It also provides that the grades are to be determined according to food value and upon the sanitary conditions under which they are produced. The article also provides that such milk must be produced by a person having a permit to produce and sell such products.

The Article authorizes the governing body of any city in this State to enact ordinances governing the sale and labeling of milk and milk products sold or offered for sale within their jurisdiction, in keeping with the United States Standard Milk Ordinance.

The regulations and specifications promulgated and fixed by the State Health Officer require that all milk producers secure a permit to bring or send into the City any milk or milk products. The regulations further provide that before such permit may be issued the dairy farms whose products are intended for consumption within the City, must be inspected, and also provide for a re-inspection at least once every six months thereafter. The article also provides for the details of the inspections of the dairy farms.

■ There is no evidence in the record that the City's charges for a milk producer's license and inspection of the dairy farms are unreasonable. We think the charges are authorized by Article 165–3, Vernon's Ann.Civ.Stats., and the regulations of the State Health Officer. We are also of the opinion that the City is authorized to inspect and license such dairy farms under Subdivisions 19 and 23 of Art. 1175, Vernon's Ann.Civ.Stats., and under the Home Rule Charter of the City of San Antonio, and the comprehensive milk ordinance of the City. Moreover, we are of the opinion that such ordinance is authorized by Article 1176, Vernon's Ann.Civ.Stats., and in accord with Article 11, § 5, of the State Constitution.

It is argued by appellants that although the City has the power to inspect and license these dairy farms, it has no power to impose such inspection fees upon persons beyond the territorial limits of the City. This case appears to be one of first impression in this State on that precise question. However, the weight of authority in other jurisdictions is that cities such as the City of San Antonio do have such authority. Ridgeway v. City of Bessemer, 9 Ala. App. 470, 64 So. 189; City of Chicago v. Chicago & Northwestern Ry. Co., 275 Ill. 30, 113 N.E. 849, L.R.A.1917C, 238; City of Quincy v. Burgdorf, 235 Ill.App. 560; Koy v. City of Chicago, 263 Ill. 122, 104 N.E. 1104; Pure Milk Producers & Distributors Ass'ns v. Morton, 276 Ky. 736, 125 S.W.2d 216; City of Newport v. Hiland Dairy Co., 291 Ky. 561, 164 S.W.2d 818;

City of Norfolk v. Flynn, 101 Va. 473, 44 S.E. 717, 62 L.R.A. 771; Rossman v. City of Moultrie, 189 Ga. 681, 7 S.E.2d 270; Korth v. City of Portland, 123 Or. 180, 261 P. 895, 58 A.L.R. 665; Hill v. Fetherolf, 236 Pa. 70, 84 A. 677; Prudential Co-op. Realty Co. v. City of Youngstown, 118 Ohio St. 204, 160 N.E. 695; City of Des Moines v. Fowler, 218 Iowa 504, 255 N.W. 880; City of Pella v. Fowler, 215 Iowa 90, 244 N.W. 734; United States v. Jones, 7 Cir., 204 F.2d 745; Coleman v. City of Little Rock, 191 Ark. 844, 88 S.W.2d 58; 14 A.L. R.2d 103; Father Basil's Lodge v. City of Chicago, 393 Ill. 246, 65 N.E.2d 805; Mc-Quillen, Municipal Corporations, Vol. 9, § 26.27, p. 54 (3 ed., 1950).

■ Moreover, the Texas cases on the subject impliedly hold, that in passing upon the authority to make extra territorial inspections and in denying such right, the courts have limited denial to cases in which the milk and milk products had been previously inspected by other city and county health departments which conformed to the laws provided therefor. Falfurrias Creamery Co. v. City of Laredo, Tex.Civ.App., 276 S.W.2d 351; City of Port Arthur v. Carnation Co., Tex.Civ.App., 238 S.W.2d 559; City of Abilene v. Tennessee Dairies, Tex.Civ.App., 225 S.W.2d 429; City of Greenville v. Cabell's, Inc., Tex.Civ.App., 207 S.W.2d 898; Prescott v. City of Borger, Tex.Civ.App., 158 S.W.2d 578. We hold that the City of San Antonio is authorized to make such inspections and to impose reasonable fees therefor as a condition to securing a license to sell milk and milk products within the City.

Appellants next complain that the inspection fees charged are discriminatory in that the same fee is charged for small dairies as for the large ones, and that the mileage fees charged for travel based on distance is discriminatory as against the most distant dairies, also that all other outside producers who sell their milk in San Antonio are not inspected and charged such fees.

The evidence shows that appellants are some 450 dairies located at various distances from San Antonio. The City ordinance fixes an inspection fee of $20 per annum, and a smaller fee for each re-inspection. The ordinance bases the mileage fee on the distance of the dairy from the City, placing the mileage in brackets whereby the fee is increased for each forty-mile distance.

■ ■ Appellant has offered no evidence which would show that such method of fixing the fees is discriminatory, and has cited no authority which holds that the ordinance is discriminatory. We think it is elementary that an ordinance may establish a classification so long as the classification is reasonable and applies equally to all persons who fall within the class.

As for other milk dealers selling milk in San Antonio without inspection, the record shows that these dealers come within Section 11 of the regulations of the State Health Officer, in that they are inspected by other jurisdictions operating under the same regulations and with equal effectiveness, and are therefore permitted to sell milk in the City upon certificate. Falfurrias Creamery Co. v. City of Laredo, supra; City of Port Arthur v. Carnation Co., supra.

■ Appellants contend that inasmuch as the milk and milk products which they sell in the City are of the standard and quality required by the City ordinance, they have the absolute right to sell in the City without such inspections and payment of fees. This contention must be overruled. There is no evidence showing that appellants are or have been inspected by some other jurisdiction which requires the same standard provided by the State laws and the regulations of the State Health Officer. The authorities cited by appellants are not in point.

Finding no error the judgment of the trial court is affirmed.