

# THE ATTORNEY GENERAL

# OF TEXAS

**AUSTIN, TEXAS 78711**

JOHN L. HILL
ATTORNEY GENERAL

October 9, 1973

Honorable Alex R. Tandy
District Attorney
Parker County
Weatherford, Texas 76086

Dear Mr. Tandy:

Opinion No. H-122

Re: The power of a city to
tax coin-operated
amusement machines
designed exclusively
for children

You have requested an opinion of this office on the question of whether a city may tax the "coin-operated amusement machines designed exclusively for children," specifically excluded from the regulatory provisions of Article 13.17, Taxation-General, Vernon's Texas Civil Statutes.

In our opinion, a city cannot impose an occupation tax on coin-operated amusement machines such as you describe because no such tax has been imposed or authorized by the Legislature.

Article 8, § 1, of the Constitution of Texas provides:

> ". . . provided further that the occupation tax
> levied by any county, city or town for any year on
> persons or coporations pursuing any profession or
> business, shall not exceed one half of the tax levied
> by the State for the same period on such profession
> or business. "

This provision has been interpreted to mean that, unless the Legislature imposes a tax on a profession or business, no occupational tax can be imposed by any county, city or town. In Hoefling v. City of San Antonio, 20 S.W. 85, 88-89 (Tex. 1892), the Supreme Court stated:

"Under the constitution, the sum a municipal corporation may collect as a tax on a given occupation cannot 'exceed one half of the tax levied by the state for the same period on such profession or business,' and this necessarily involves the proposition that the legislature must determine that the occupation shall be taxed for the benefit of the state before a municipal corporation can tax it at all. When the legislature has declared that a named occupation shall be taxed, and has fixed the amount of the tax, then, and not before, has a county, city, or town the power to tax that occupation; for the constitution does not require occupations to be taxed, and only permits it when the legislature deems it proper."

This holding has been consistently followed.

On the other hand, if the "tax" contemplated by the city is a legitimate licensing or regulatory fee, it can be imposed. Producers Association of San Antonio v. City of San Antonio, 326 S.W. 2d 222 (Tex. Civ. App., San Antonio, 1959, error ref'd. n. r. e.); Reed v. City of Waco, 223 S.W. 2d 247 (Tex. Civ. App., Waco, 1949, error ref'd). In regard to the distinction between a licensing fee and an occupational tax, the court in Producers Association of San Antonio, supra, stated:

"As said by the Supreme Court in Hurt v. Cooper, 130 Tex. 433, 110 S.W. 2d 896, 899, 'It is sometimes difficult to determine whether a given statute should be classed as a regulatory measure or as a tax measure.' However, the rule for determining this question is well settled, that if from a consideration of the ordinance as a whole, the primary purpose of the fees provided for therein is the raising of revenue, then such fees are in fact occupation taxes. On the other hand, if the primary purpose appears to be that of regulation, then the fees imposed are license fees. Hurt v. Cooper, supra; City of Ft. Worth v. Gulf Refining Co., 125 Tex. 512, 83 S.W.

2d 610. The word 'revenue' as used above means the amount of money which is excessive and more than reasonably necessary to cover the cost of regulation, and not that which is necessary to cover cost of inspection and regulation." (326 S.W. 2d at 224).

### SUMMARY

A city cannot impose an occupational tax on "coin-operated amusement machines designed exclusively for children," excluded from regulation under §1(a) of Article 13.17, Taxation-General, V.T.C.S.; however, a city can impose a reasonable licensing or regulatory fee on such items.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee