### CITY OF COLEMAN v. RHONE et al.
### No. 2723.

Court of Civil Appeals of Texas. Eastland.
June 17, 1949.

Rehearing Denied July 25, 1949.

John O. Harris, Coleman, R. E. Murphey, Coleman, for appellant.

W. Marcus Weatherred, Coleman, for appellees.

COLLINGS, Justice.

This suit was brought by George D. Rhone and others, appellees, against the City of Coleman, appellant, to set aside and cancel as unreasonable, arbitrary and void a city ordinance, the material substance of which is as follows:

"An ordinance regulating traffic upon the public streets of the City of Coleman and designating a portion of North Concho Street as a fire lane * * *

"Article 1. North Concho Street, beginning 35 feet south of intersection of North Concho Street and Cottonwood, and extending to the intersection of North Concho Street and Live Oak Street is hereby designated as a Fire Lane and it shall be unlawful for the operator of any vehicle to stop, park, load, or unload any vehicle within said Fire Lane.

"Any person violating this ordinance shall be fined not less than $5.00 nor more than $100.00."

The case was tried before a jury which found that the ordinance was (1) unreasonable and (2) not necessary for the proper functioning of appellant's fire department. Based upon the findings of the jury,

the court entered judgment holding the ordinance void and perpetually enjoining appellant's officers from enforcing same.

The City of Coleman maintains a fire station on the west side of Concho Street within such city between Cottonwood and Live Oak Streets. Appellees are the owners or occupants under lease contract of business houses located in the same block on Concho Street but across the street from appellant's fire station. Block 13 in which appellees' properties are located is a narrow block from east to west and most of the business buildings thereon have openings not only on Concho Street on the west, but also on another street to the east. Appellee Rhone, among other activities, operates a public grain elevator and scales directly in front of the fire station. Many trucks, large and small, with or without trailers, come there for weighing or load-in and unloading, and frequently park in said block, either parallel to the curb or extending perpendicular out into the street. There is evidence that on occasions the street is almost blocked.

The City of Coleman has four fire trucks, one of which is a hook and ladder truck 42 feet long, and the other three are 26 feet or less. There is evidence to the effect that the 42 foot truck cannot be brought out of the fire station without stopping and backing for a new start before proceeding down the street if cars are parked at almost any place in the block across the street from the fire station. In making the turn to proceed down the street, it is necessary for the large truck to be driven within four feet of the curb which does not leave room for a parked car. This truck is about 20 years old and cannot be turned as quickly as the smaller one and is much harder to handle. The large truck is not often taken out but in the opinion of the fire chief, it should go to all fires.

The shorter trucks are the ones principally used. They can be brought out of the fire station slow and proceed down the street without getting past the center of the street, but require more space than this if they are brought out at a greater rate of speed. There is evidence that if cars and trucks are parked properly it will not greatly interfere with the operation of a smaller truck. It was admitted by some of the firemen that there had never been much trouble in getting out on calls and that by ordinary care of the trucks could be operated all right. Sometimes, by reason of congested parking conditions, drivers of the fire trucks are required to take different routes than are ordinarily taken in leaving the fire station and on occasion it has been necessary for the fire chief to stop and have cars and trucks moved. It was the opinion of some of the witnesses that this could cause a delay of three to five minutes and might probably result in a fire getting out of control to the extent that a building on fire would be destroyed.

Appellant sets out five points in which it contends that the trial court erred. The substance of these points are contained in the following propositions: (1) that the validity and reasonableness of the city ordinance is not a question for jury determination, but is a matter for the court to decide, and that the trial court erred in entering its judgment based upon such verdict; (2) that the court erred in not entering judgment for appellant because the evidence showed that the ordinance was reasonable and necessary and a proper exercise of police power.

The question of the validity of the ordinance under attack involves a consideration of police power. This power is broad and comprehensive. It is founded upon public necessity which alone can justify its exercise. It hinges upon the public need for safety, health, security, and protection of the general welfare of the community. 16 C.J.S., Constitutional Law, § 175, page 542; Spann v. City of Dallas, 111 Tex. 350, 212 S.W. 513, 19 A.L.R. 1387. These considerations define the purpose and extent of the power. The power rests in the State but by legislative grant may also be exercised by municipalities.

The general subject matter dealt with by the ordinance is fire prevention and extinguishment. There can be no question but that this comes within the scope of the city's police power. Under statutory and

charter provisions, cities of this State have general and exclusive power of supervision and control of their streets. Article 1016, R.C.S.1925, and 39 Tex.Jur., page 596. Cities also have the power to establish such regulations for the prevention and extinguishment of fires as "the city council may deem expedient." Article 1068, R.C.S.1925, and 30 Tex.Jur., page 137.

■ This power and the right to exercise it is limited by the Constitution and by the intent of the statute itself to measures which are reasonable. As stated in 9 Tex. Jur., page 508: "To be justified under the authority of the police power, the thing complained of, whether a legislative act, judicial decree or proceeding whatsoever, must be reasonable in the light of all the circumstances."

■ The question of whether a legislative act or ordinance is void is often difficult to determine. This is true because police power is broad and indefinite. It is thought that the following considerations are material and essential to a correct determination of the question: (1) is the ordinance appropriate and reasonably necessary under all the circumstances to accomplish a purpose within the scope of the police power; (2) is the ordinance reasonable in the sense of not being arbitrary and unjust, or is the effect on individuals of the action taken so unduly harsh and hard as to be out of proportion to the end sought to be accomplished. In the case of Houston & T. C. Ry. Co. v. City of Dallas, 98 Tex. 396, 84 S.W. 648, 653, 70 L.R.A. 850, Judge Williams used the following language: "The power is not an arbitrary one, but has its limitations. It is commensurate with, but does not exceed, the duty to provide for the real needs of the people in their health, safety, comfort, and convenience as consistently as may be with private property rights. As those needs are extensive, various, and indefinite, the power to deal with them is likewise broad, indefinite, and impracticable of precise definition or limitation. But as the citizen cannot be deprived of his property without due process of law, and as a privation by force of the police power fulfills this requirement only when the power is exercised for the purpose of accomplishing, and in a manner appropriate to the accomplishment of, the purposes for which it exists, it may often become necessary for courts, having proper regard to the constitutional safeguard referred to in favor of the citizen, to inquire as to the existence of the facts upon which a given exercise of the power rests, and into the manner of its exercise, and if there has been an invasion of property rights under the guise of this power, without justifying occasion, or in an unreasonable, arbitrary, and oppressive way, to give to the injured party that protection which the Constitution secures."

■ The jury, by its verdict has, in effect, found that the ordinance in question is unnecessary and unreasonable but appellant contends that these matters are not questions for jury determination. With reference to a particular ordinance it has been held that these questions are, in the first instance, to be passed upon by the governing body of the municipality at the time of enactment. City of New Braunfels v. Waldschmidt, 109 Tex. 302, 207 S.W. 303; Hanzal v. City of San Antonio, Tex.Civ. App., 221 S.W. 237; International & G. N. Ry. Co, v. Anderson County, Tex.Civ.App., 174 S.W. 305. It is well settled that matters of policy and of the wisdom of regulations coming within the police power are for legislative rather than judicial determination. "The question as to whether an act of the Legislature of this state will serve a public use or purpose is, in the first instance, a question for the determination of the Legislature, and that determination or decision cannot be reviewed and the contrary determined by the judiciary except in instances where the legislative determination of the question is palpably and manifestly arbitrary and incorrect." Neal v. Boog-Scott, Tex.Civ.App., 247 S.W. 689, 691.

■ Courts are thus reluctant to disturb legislative action if the subject matter involved lies within the police power and will not do so unless it clearly appears that the regulation is unnecessary and unreasonable and not justified by the facts. If there is room for a fair difference of opin-

ion as to the necessity and reasonableness of a legislative enactment or ordinance on a subject which lies within the police power, the courts will not hold it void. 16 C. J.S., Constitutional Law, § 198, page 569. As a practical matter, if this were not the rule, legislative bodies would be without power to legislate in all cases involving police power where there was room for a difference of opinion as to the wisdom and necessity therefor, except subject to the approval of a jury. But courts, in such cases, will not substitute the opinion of a jury for that of the legislative body. City of Beaumont v. Priddie, Tex.Civ.App., 65 S.W.2d 434; City of Dallas v. Lively, Tex. Civ.App., 161 S.W.2d 895; City of University Park v. Hoblitzelle, Tex.Civ.App., 150 S.W.2d 169; King v. Guerra, Tex.Civ. App., 1 S.W.2d 373; Edge v. City of Bellaire, Tex.Civ.App., 200 S.W.2d 224; City of San Antonio v. Zogheib, 139 Tex. 141, 101 S.W.2d 539, 542.

In the case last cited, Judge Taylor, speaking for the court said: "There is evidence upon which reasonable minds might have differed as to the wisdom or justice of the refusal of the permit, but there is none that the commissioners did not honestly believe from the facts that a hazard would be created from the operation of the station that it was their duty to prevent. The trial court was in error in submitting the matter to the jury for its determination."

Cities have a responsibility to the public to afford protection from the hazard of fire. This cannot be done without power to make reasonable regulations and the right to exercise a reasonable discretion in determining what is needed under the circumstances. It was plainly the intent of the legislature to give cities a broad discretion in this matter for the statute, (art. 1068, supra) grants the power to establish such regulations as "the city council may deem expedient." This discretion is limited to regulations which are necessary and reasonable. The question is: who is to decide when a regulation is necessary and reasonable? We are of the opinion that under the weight of authorities, the issues as to the reasonableness and necessity of the ordinance in question are a matter of law for determination by the court and not fact questions for a jury. It was, therefore, error for the trial court to submit the issues in question to the jury and to base its judgment thereon.

In the case of Williams v. Castleman, 112 Tex. 193, 247 S.W. 263, 269, it was said: "The judgment and discretion of the commissioners' court in the instant case having been exercised in good faith and without fraud, not arbitrarily, nor in gross abuse of discretion, there is nothing in the record which would warrant an annulment of the order, either upon collateral or direct attack."

In the case of Shuppe v. Railroad Commission of Texas, 123 Tex. 521, 73 S.W.2d 505 where the trial court had set aside as unjust and unreasonable an order of the railroad commission refusing an application to operate a bus line over certain highways in the State, it was held that the decision of the Commission was conclusive unless it was unreasonable or arbitrary or without basis of facts. A similar rule is set out by the Supreme Court in passing upon the power of the Railroad Commission in granting permits to drill oil wells as an exception to Rule 37 in order to prevent waste and confiscation. Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424; Hawkins v. Texas Company, Tex.Sup.Ct., 209 S.W.2d 338; Standard Oil Company of Texas v. Railroad Commission of Texas, Tex.Civ.App., 215 S.W.2d 633; Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022, 1029. From the last cited case, we quote the following: "In such a case the issue is not whether or not the agency came to the proper fact conclusion on the basis of conflicting evidence, but whether or not it acted arbitrarily and without regard to the facts. Hence it is generally recognized that where the order of the agency under attack involves the exercise of the sound judgment and discretion of the agency in a matter committed to it by the Legislature, the court will sustain the order if the action of the agency in reaching such conclusion is reasonably supported by substantial evidence. This does not mean that a mere scintilla of evidence

will suffice, nor does it mean that the court is bound to select the testimony of one side, with absolute blindness to that introduced by the other. After all, the court is to render justice in the case. The record is to be considered as a whole, and it is for the court to determine what constitutes substantial evidence. The court is not to substitute its discretion for that committed to the agency by the Legislature, but is to sustain the agency if it is reasonably supported by substantial evidence before the court. If the evidence as a whole is such that reasonable minds could not have reached, the conclusion that the agency must have reached in order to justify its action, then the order must be set aside."

After a careful study of the record, we are of the opinion that the evidence fails to show that the ordinance in question is arbitrary and unreasonable or that it is unnecessary and not founded on fact. We feel that under the evidence, reasonable men might well reach the conclusion that the ordinance was necessary for the proper operation of appellant's fire department in getting their trucks and equipment to a fire as soon as possible. It is true that there was evidence to the contrary and that reasonable men might also have reached the opposite conclusion. The subject matter of the ordinance, however, was within the scope of police power, and in such cases cities have a broad discretion in deciding what is proper and necessary. The courts will not permit cities to abuse this discretion or to exercise the power arbitrarily, but where there is evidence upon which reasonable minds can differ, it cannot be said that there is an arbitrary abuse of discretion or power. Since the evidence does not show that there was an abuse of such discretion, the trial court erred in not entering judgment for appellants.

For the reasons stated, the judgment of the trial court is reversed and rendered in favor of the appellant, City of Coleman.

On Motion for Rehearing.

In his motion for new trial, attorney for appellees questions the correctness of the following statement of fact contained in the court's opinion: "Sometimes, by reason of congested parking conditions, drivers of the fire trucks are required to take different routes to those ordinarily taken in leaving the fire station and on occasion it has been necessary for the fire chief to stop and have cars and trucks moved."

After a careful examination of the record, we are of the opinion that counsel is correct in this contention and that the above quoted portion of the opinion is changed to read as follows: "There is evidence, however, that on occasions the congested parking conditions are such that if there should be a fire alarm, drivers of the fire trucks would be required to take different routes than are ordinarily taken in leaving the fire station."

In our opinion this correction is not of such material nature as to change the result of the case. The motion for rehearing is overruled.