

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 4, 1959

Honorable R. H. Cory, Chairman
State Affairs Committee
House of Representatives
Austin, Texas

Opinion No. WW-612

Re: Constitutionality of
House Bill 42 of the
56th Leg., the Psycho-
logist Certification
Act.

Dear Mr. Cory:

You have requested our opinion on the validity of
House Bill 42 of the 56th Legislature, calling particular
attention to whether its provisions are so vague, indefinite
and uncertain as to be incapable of interpretation or of
being enforced and whether its provisions violate the pre-
ference provision of Section 31 of Article XVI of the
Constitution of Texas.

Section 2 of the Bill states its purpose as
follows:

"In order to safeguard life, health
and property and to promote the public
welfare this Act is enacted. Recognizing
the difficulty persons seeking psychologi-
cal services encounter in determining who
is qualified to render those services for
them, the Legislature enacts this Act so
as to provide a list of qualified psycho-
logists from which these persons may make
their choice. Exploitation by the un-
trained and unscrupulous and positive
injury from erroneous counsel of the unquali-
fied may thus be avoided."

The phrase "psychological services" is not defined
in the Bill. Subdivision (c) of Section 3 provides:

"No person certified hereunder shall diagnose, treat, or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury by any system or method and to effect cures thereof and charge therefor directly or indirectly, money or other compensation."

The above language in Section 3 of House Bill 42 is taken from Article 4510, Revised Civil Statutes of Texas, 1925, as amended, defining the practice of medicine.

Section 24 of the Bill provides as follows:

"Certification under this Act does not authorize the psychologist to engage in any manner in the practice of medicine as defined by the laws of this State."

In view of the provisions of Subdivision (c) of Section 3 and of Section 24, the Bill does not authorize any individual to practice medicine. Thus, the provisions of Section 31 of Article XVI of the Constitution of Texas, prohibiting the Legislature from giving any preference to any school of medicine, is not violated. See: Schlichting v. Texas State Board of Medical Examiners, Texas ,310 S.W.2d 557 (1958);Wilson v. State Board of Naturopathic Examiners, 298 S.W. 2d 946, (Tex.Civ.App. 1957 error ref. n.r.e.; cert. den. 78 S. Ct. 121).

While the provisions of House Bill 42 does not authorize the practice of medicine and states that its purpose is to safeguard the life, health and property and to promote the public welfare by preventing the exploitation by the untrained and unscrupulous, no provision in the Bill attempts to regulate the rendition of "psychological services". The only attempt to carry out the declared purpose is to provide that any one who "represents himself to be a psychologist within this State without being certified" shall be guilty of a misdemeanor. Section 27. Thus, under the provisions of the Bill no one is prohibited from performing "psychological services". The only prohibition is the use of the name "psychologist" without certification. This uncertainty of regulation and enforcement renders its provisions so vague and indefinite as to be incapable of interpretation or of being enforced and House Bill 42 is therefore void. Wilson v. State Board of Naturopathic Examiners, supra; Ex parte Halsted, 147 Tex.Cr. R.453, 182 S.W.2d 479 (1944).

It is elementary that the exercises of the police power by the Legislature is not unrestricted. A statute enacted under the police power must be appropriate and reasonably necessary under all circumstances to accomplish a purpose within the scope of the police power. It also must be reasonable in the sense of not being arbitrary or unjust. Its effect on individuals must not be out of proportion to the benefit to be gained by the public. Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513 (1921); City of Coleman v. Rhone, 222 S.W.2d 646 (Tex.Civ. App. 1949, error ref.); Ex parte Smythe, 116 Tex. Cr. R. 146, 28 S.W.2d 161 (1930); Houston & T.C.Ry. Co. v. Dallas, 98 Tex. 396, 84 S.W. 648, (1905); Neel v. Texas Liquor Control Board, 259 S.W.2d 312 (Tex. Civ. App. 1953, error ref. n.r.e.); Brown v. Humble Oil & Refining Company, 126 Tex. 296, 83 S.W.2d 935 (1935); Ex parte Smith, 152 Tex. Cr.R. 126, 211 S.W.2d 204 (1948); American Federation of Labor v. Mann, 188 S.W.2d 276 (Tex.Civ.App. 1945).

There is no provision in the Bill which seeks to accomplish the declared purpose of protecting the public from unqualified individuals performing "psychological services". The Bill only governs the use of the name "psychologist". It is therefore our further opinion that the provisions of House Bill 42 is an unreasonable exercise of the police power of the State and therefore in violation of the due process clause of Section 19 of Article I of the Constitution of Texas.

SUMMARY

House Bill 42 is void for vagueness and uncertainty and is an unreasonable exercise of the police power in violation of the due process clause of Section 19 of Article I of the Constitution of Texas.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: John Reeves
Assistant

JR:rm:sd

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Robert T. Lewis

Zellner J. Turlington

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Morgan Nesbitt