

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

September 19, 1977

Honorable Hugh C. Yantis, Jr.,
  Chairman
State Board of Insurance
1110 San Jacinto
Austin, Texas 78786

Opinion No. H-1056

Re: Subpoena power of
city fire marshals.

Dear Chairman Yantis:

You have asked our opinion whether a city council may
create the office of city fire marshal and give the fire
marshal subpoena powers to carry out his duties. The law
is well settled that a home rule city derives its powers
from article 11, section 5 of the Texas Constitution. Lower
Colorado River Authority v. City of San Marcos, 523 S.W.2d
641 (Tex. 1975). A home rule city may exercise all powers
set out in its charter so long as the powers are not denied
it by the Constitution or general statutes. Burch v. City of
San Antonio, 518 S.W.2d 540 (Tex. 1975); City of Sweetwater v.
Geron, 380 S.W.2d 550 (Tex. 1964). We have found no consti-
tutional or statutory provision which would prohibit a home
rule city from appointing a fire marshal and giving him sub-
poena powers to investigate fires, if authorized by the city's
charter.

A general law city must, of course, look to the Legis-
lature for its power. Article 1068, V.T.C.S., provides in
pertinent part:

    The city council shall have power:

    . . . .

        10. And generally to establish
    such regulations for the prevention
    and extinguishment of fires as the
    city council may deem expedient.

So long as the actions of the city council are found to be
necessary and reasonable, the discretion granted by article
1068 is broad.

> Cities have a responsibility to the
> public to afford protection from the
> hazard of fire.  This cannot be done
> without power to make reasonable regu-
> lations and the right to exercise a
> reasonable discretion in determining
> what is needed under the circumstances.
> It was plainly the intent of the legis-
> lature to give cities a broad discre-
> tion in this matter for the statute,
> (art. 1068, supra) grants the power to
> establish such regulations as "the
> city council may deem expedient."
> This discretion is limited to regula-
> tions which are necessary and reason-
> able.

City of Coleman v. Rhone, 222 S.W.2d 646, 650 (Tex. Civ. App --
Eastland 1949, writ ref'd).

We believe the discretion conferred by article 1068 is
sufficiently broad to authorize the city council of a general
law city to create the position of fire marshal and grant
subpoena powers to the fire marshal.  The city council might
legitimately conclude that such actions are both reasonable
and necessary to protect against the hazard of fire and to
facilitate the investigation of destructive conflagrations.
Such a conclusion would be consistent with the actions of the
Legislature in creating the office of State Fire Marshal and
conferring investigative and subpoena powers on that officer.
Ins. Code arts. 5.43-5.45.  The commissioners court of any
county is likewise authorized to establish the office of county
fire marshal, and county fire marshals are empowered to inves-
tigate fires and subpoena witnesses if necessary.  V.T.C.S. art.
1606c.  The Legislature has, moreover, authorized the issuance
of search warrants to the State Fire Marshal or to the fire
marshal of any county, city or other political subdivision.
Code Crim. Proc. art. 18.05.  It is our opinion, therefore, that
article 1068, V.T.C.S., empowers the city council of a general
law city to create the office of city fire marshal and to grant
investigative and subpoena powers to the fire marshal.

You have also asked if the State Fire Marshal may dele-
gate his subpoena powers to a city fire marshal.  Article
5.43 of the Insurance Code provides in pertinent part:

> The State Fire Marshal shall have the
> power to administer oaths, take testi-
> mony, compel the attendance of witnesses

and the production of documents. When, in his opinion, further investigation is necessary, he shall take or cause to be taken the testimony on oath of all persons supposed to be cognizant of any facts, or to have knowledge in relation to the matter under investigation, and shall cause the same to be reduced to writing. . . .

Article 5.45 of the Insurance Code provides:

If for any reason the State Fire Marshal is unable to make any required investigation in person, he may designate the fire marshal of such city or town or some other suitable person to act for him; and such person so designated shall have the same authority as is herein given the State Fire Marshal with reference to the particular matter to be investigated by him. . . .

We believe these statutes clearly authorize the State Fire Marshal to delegate to the fire marshal of a city or town the subpoena powers described in article 5.43 of the Insurance Code. The language of article 5.45 appears, however, to limit the delegation of power to "the particular matter to be investigated," when the State Fire Marshal "for any reason . . . is unable to make any required investigation in person." Thus, any delegation of powers by the State Fire Marshal should be made on a case-by-case basis in accordance with the provisions of article 5.45.

### S U M M A R Y

The city council of a home rule city, if authorized by the city charter, or of a general law city may establish the office of city fire marshal and give the fire marshal subpoena powers to carry out his duties. The State Fire Marshal may delegate his subpoena powers to a city fire marshal on a case-by-case basis, if the State Fire Marshal is for any reason unable to conduct any required investigation in person.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst