Honorable Hugh C. Yantis, Jr. Chairman State Board of Insurance 1110 San Jacinto Austin, Texas 78786
Re: Subpoena power of city fire marshals.
Dear Chairman Yantis:
You have asked our opinion whether a city council may create the office of city fire marshal and give the fire marshal subpoena powers to carry out his duties. The law is well settled that a home rule city derives its powers from article 11, section 5 of the Texas Constitution. Lower Colorado River Authority v. City of San Marcos, 523 S.W.2d 641 (Tex. 1975). A home rule city may exercise all powers set out in its charter so long as the powers are not denied it by the Constitution or general statutes. Burch v. City of San Antonio, 518 S.W.2d 540 (Tex. 1975); City of Sweetwater v. Geron, 380 S.W.2d 550 (Tex. 1964). We have found no constitutional or statutory provision which would prohibit a home rule city from appointing a fire marshal and giving him subpoena powers to investigate fires, if authorized by the city's charter.
A general law city must, of course, look to the Legislature for its power. Article 1068, V.T.C.S., provides in pertinent part:
The city council shall have power:
. . . .
 10. And generally to establish such regulations for the prevention and extinguishment of fires as the city council may deem expedient.
So long as the actions of the city council are found to be necessary and reasonable, the discretion granted by article 1068 is broad.
 Cities have a responsibility to the public to afford protection from the hazard of fire. This cannot be done without power to make reasonable regulations and the right to exercise a reasonable discretion in determining what is needed under the circumstances. It was plainly the intent of the legislature to give cities a broad discretion in this matter for the statute, (art. 1068, supra) grants the power to establish such regulations as `the city council may deem expedient.' This discretion is limited to regulations which are necessary and reasonable.
City of Coleman v. Rhone, 222 S.W.2d 646, 650 (Tex.Civ. App-Eastland 1949, writ ref'd).
We believe the discretion conferred by article 1068 is sufficiently broad to authorize the city council of a general law city to create the position of fire marshal and grant subpoena powers to the fire marshal. The city council might legitimately conclude that such actions are both reasonable and necessary to protect against the hazard of fire and to facilitate the investigation of destructive conflagrations. Such a conclusion would be consistent with the actions of the Legislature in creating the office of State Fire Marshal and conferring investigative and subpoena powers on that officer. Ins. Code arts. 5.43-5.45. The commissioners court of any county is likewise authorized to establish the office of county fire marshal, and county fire marshals are empowered to investigate fires and subpoena witnesses if necessary. V.T.C.S. art. 1606c. The Legislature has, moreover, authorized the issuance of search warrants to the State Fire Marshal or to the fire marshal of any county, city or other political subdivision. Code Crim. Proc. art. 18.05. It is our opinion, therefore, that article 1068, V.T.C.S., empowers the city council of a general law city to create the office of city fire marshal and to grant investigative and subpoena powers to the fire marshal.
You have also asked if the State Fire Marshal may delegate his subpoena powers to a city fire marshal. Article 5.43 of the Insurance Code provides in pertinent part:
 The State Fire Marshal shall have the power to administer oaths, take testimony, compel the attendance of witnesses and the production of documents. When, in his opinion, further investigation is necessary, he shall take or cause to be taken the testimony on oath of all persons supposed to be cognizant of any facts, or to have knowledge in relation to the matter under investigation, and shall cause the same to be reduced to writing. . . .
Article 5.45 of the Insurance Code provides:
 If for any reason the State Fire Marshal is unable to make any required investigation in person, he may designate the fire marshal of such city or town or some other suitable person to act for him; and such person so designated shall have the same authority as is herein given the State Fire Marshal with reference to the particular matter to be investigated by him. . ..
We believe these statutes clearly authorize the State Fire Marshal to delegate to the fire marshal of a city or town the subpoena powers described in article 5.43 of the Insurance Code. The language of article 5.45 appears, however, to limit the delegation of power to `the particular matter to be investigated,' when the State Fire Marshal `for any reason . . . is unable to make any required investigation in person.' Thus, any delegation of powers by the State Fire Marshal should be made on a case-by-case basis in accordance with the provisions of article 5.45.
 SUMMARY
The city council of a home rule city, if authorized by the city charter, or of a general law city may establish the office of city fire marshal and give the fire marshal subpoena powers to carry out his duties. The State Fire Marshal may delegate his subpoena powers to a city fire marshal on a case-by-case basis, if the State Fire Marshal is for any reason unable to conduct any required investigation in person.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee