ALADDIN'S CASTLE, INC., Plaintiff-Appellant Cross-Appellee,

v.

The CITY OF MESQUITE, Defendant-Appellee Cross-Appellant.

No. 77–2990.

United States Court of Appeals, Fifth Circuit.*

Sept. 1, 1983.

Rehearing and Rehearing En Banc Denied Oct. 3, 1983.

Thomas L. Case, Louis P. Bickel, Dallas, Tex., Philip W. Tone, Jenner & Block, Don R. Sampen, Sidney I. Schenkier, Richard P. Steinken, Chicago, Ill., for plaintiff-appellant cross-appellee.

Elland Archer, City Atty., Mesquite, Tex., for defendant-appellee cross-appellant.

Before VANCE, ANDERSON and RANDALL, Circuit Judges.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES ON PETITION FOR REHEARING

VANCE, Circuit Judge:

In our first panel opinion in this case, *Aladdin's Castle, Inc. v. City of Mesquite,* 630 F.2d 1029 (5th Cir.1980), we declared unconstitutional two sections of a licensing ordinance governing coin-operated amusement establishments in the City of Mesquite, Texas. Section 6 of Ordinance 1353, directing the chief of police to consider whether a license applicant has any "connection with criminal elements," was held unconstitutional under the due process clause of the fourteenth amendment to the United States Constitution. Section 5, prohibiting a licensee from allowing children

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

under 17 years of age to operate amusement devices unless accompanied by a parent or legal guardian was held unconstitutional under the due process and equal protection clauses of both the United States Constitution and the Texas constitution. The Supreme Court reversed on the first issue and remanded to us for further proceedings on the second issue. *City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982).

In our prior panel opinion following the Supreme Court remand, we interpreted the issue on remand to be whether adequate, independent, and incongruent grounds existed to invalidate the ordinance under the Texas constitution. The remand panel [1] found that the equal protection clauses of the two Constitutions are substantially similar. In addition, a majority of the panel found that adequate incongruent grounds existed to invalidate the provision under the substantive due process aspects of the Texas constitution's due process clause.[2]

The majority also found the provision invalid under Art. 11, § 5 of the Texas constitution, the Home Rule provision, which has no counterpart in the federal Constitution. The Home Rule issue had been before this court from the outset but was not reached in the first panel opinion because our decision on the equal protection and due process issues rendered it unnecessary to do so. The Home Rule issue remains properly before this court and may require decision in subsequent proceedings in this case.

In its petition for rehearing, the City of Mesquite contends that our prior panel opinion exceeded the scope of the Supreme Court remand. Upon reconsideration, we have decided that although the Court's opinion does not leave us wholly free of doubt, the City of Mesquite probably is correct and that the case was remanded to us only for an explanation of whether the first panel gave independent consideration

---

1. The original panel in this case consisted of Judges Ainsworth, Vance and Anderson. Judge Ainsworth died on December 22, 1981, prior to hearing of oral argument on remand, and he was replaced on the panel by Judge Randall.

2. The panel majority found that, in contradistinction to the federal Constitution, substantive due process remains a vital doctrine under the Texas constitution, *see, e.g., Eggemeyer v. Eggemeyer,* 554 S.W.2d 137 (Tex.1977), and the ordinance was invalid because "the social necessity" it served was "not a sufficient justification for the restriction of liberty involved." Tex. Const.Ann. art. 1, § 19 (Vernon 1955) (Interpretive Commentary) at 448. The majority determined that the Texas courts employ a two step balancing test: there must be a real and substantial connection between the provisions and purposes of an ordinance, and the effect must not be unduly harsh in proportion to the end sought. *Humble Oil & Ref. Co. v. City of Georgetown,* 428 S.W.2d 405, 413 (Tex.Civ. App.1968); *City of Coleman v. Rhone,* 222 S.W.2d 646, 649 (Tex.Civ.App.1949). The majority further found that the critical factor in both prongs of the test is reasonableness. *State v. Richards,* 157 Tex. 166, 301 S.W.2d 597, 602 (1957): *Humble Oil & Ref. Co. v. City of Georgetown,* 428 S.W.2d at 413; *City of Coleman v. Rhone,* 222 S.W.2d at 649, *quoting* 9 Tex.Jur. *Reasonableness as a Test of Validity,* § 80, p. 508 (1930). Applying this standard, the majority found that the stated purposes of the ordinance, truancy prevention and prevention of narcotics use, were too tenuously and remotely related to the age restriction to uphold it under the Texas due process clause.

The dissent by Judge Randall, the only Texas judge on the panel, sharply disagreed for four reasons. First, Judge Randall opined that the apparent "continued vitality of substantive due process" in Texas was largely "lip service." Second, the constitutional tests employed under the Texas and federal Constitutions are, in the context of this case, virtually indistinguishable because the " 'real and substantial connection' language which the majority believes to be indicative of a heightened level of scrutiny, is derived from the United States Supreme Court opinion in *Royster Guano Co. v. Virginia,* 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989 (1920)." Third, in most of the cases cited by the majority, and in most Texas cases generally, the statutes and ordinances are upheld as reasonable, indicating the deference paid to legislative determinations by the Texas courts. Fourth, even applying the strict reasonableness test used by the majority, the connection between the ordinance and prevention of truancy and narcotics use is sufficient to uphold the ordinance.

It was not possible to settle this disagreement by certification to the Texas Supreme Court because Texas is the only state in the former fifth circuit which does not have a certification procedure.

to the federal and Texas constitutional issues. We vacate our prior panel opinion following remand in its entirety and restrict the present opinion to answering this limited question.

Although the first panel should, perhaps, have addressed the question whether the due process and equal protection guarantees under the Texas constitution are broader than those under the federal Constitution, it did not in fact do so. We therefore reached no reasoned judgment that the Texas due process and equal protection guarantees provided independent and incongruent grounds for our decision.

To summarize the present posture of the case: (1) The district court held that the "connection with criminal elements" language of the challenged ordinance is unconstitutionally vague. *Aladdin's Castle, Inc. v. City of Mesquite,* 434 F.Supp. 473 (N.D. Tex.1977). We affirmed that portion of its judgment and the Supreme Court reversed. (2) The district court upheld the challenged age restriction and we reversed. With respect to the latter provision the Supreme Court remanded for clarification of our original opinion without making a dispositive ruling, so that at this stage our original opinion as now extended stands.

OPINION EXTENDED.