G. E. ROOT, *Appellant*, v. J. J. MIZELL, CHIEF OF POLICE OF THE CITY OF BARTOW, *Appellee*.

Division B.

Opinion Filed May 30, 1928.

*Arthur F. Guthrie* and *H. R. Williams,* Attorneys for Appellant.

*Chester M. Wiggins,* Attorney for Appellee.

PER CURIAM.—Appellant was arrested and charged with violating Ordinance No. 12-a of the City of Bartow, Florida. He was tried and convicted in the municipal court and was sentenced to pay a fine and cost or in default thereof to serve fifteen days in jail. He applied for and obtained from the Circuit Judge a writ of *habeas corpus.* There was a return to the writ of *habeas corpus* which in effect alleged that petitioner was held for violating Ordinance No. 12-a of the City of Bartow, Florida, in having in his possession milk for sale from a dairy not having a permit as required by said ordinance. On hearing proofs and argument of counsel in support of the return, petitioner was remanded to the custody of appellee as Chief of Police of the City of Bartow. Appeal was taken from that order.

Ordinance No. 12-a purports to govern the "production, preparation, handling, posession, care, distribution and sale of milk and milk products and ice cream in the City of Bartow and providing penalties for the violation thereof." Among other things Ordinance No. 12-a requires that any person selling or having in his possession for sale within the limits of the City of Bartow any milk or milk products must first procure a permit from the health department of the city to do so, nor shall such person offer for sale within said city any milk or milk products from any dairy which has not secured such a permit from said city, the said permit in each instance to cost One Dollar annually. The ordinance further requires the City Health Officer to make inspections at least once per month and where the dairy is more than five miles beyond the city

limits a charge of $25.00 per month shall be made, which must be paid in advance.

No authority is shown to inspect dairies beyond the city limits. It is shown that dairies within the five-mile limit are charged no fee for inspection while those beyond the five-mile limit where no authority is shown to inspect are charged $25.00 per month or $300.00 per year for inspection. The dairies furnishing the milk that petitioner is charged with having in possession for the purpose of sale without a permit are shown to be fifty or sixty miles from the City of Bartow.

For these and other reasons prevalent on the face of the record that portion of Ordinance No. 12-a providing $25.00 per month for inspections made five miles beyond the city limits is unreasonable and void, so the judgment below is reversed and the petitioner ordered discharged from custody.

Reversed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.