## CITY OF ABILENE v. TENNESSEE DAIRIES et al.

No. 2766.

Court of Civil Appeals of Texas. Eastland.
Dec. 9, 1949.

· Wilson Johnston, Abilene, for appellant.

Scarborough, Yates, Scarborough & Black, Abilene, for appellee.

GRISSOM, Chief Justice.

The City of Abilene instituted this suit against Tennessee Dairies, a corporation, Russell Glenn and W. C. McMains, seeking a temporary injunction restraining them from selling "Tennessee Dairies" milk in Abilene without a permit. The City alleged that a permit had been procured but defendants had not paid the inspection fee demanded by the City and the permit had been revoked. The City also asked for a mandatory injunction commanding Tennessee Dairies to produce a statement showing the amount of milk handled by it in February, 1949; that upon final hearing, the temporary injunction be made permanent and the City have judgment for the amount due it for inspection fees. The court denied the injunction and the City has appealed.

The ordinance in question provides that when a milk pasteurizing plant is located outside the City, an inspection fee of $2.50 per 1,000 gallons on all milk, "produced or purchased" shall be paid by the holder of a permit; that where the plant is within the city, the inspection fees shall be 60 cents per 1,000 gallons. Tennessee Dairies processes 23,000 gallons of milk per day in Dallas. Only about 90 gallons of this milk is sold in Abilene. The inspection fee claimed by the City is based on the total amount of milk processed. Appellees offered to pay an inspection fee

based on the milk sold in Abilene but refused to pay a fee based on all milk processed by Tennessee Dairies. The Health Departments of the City of Dallas and State of Texas regularly inspect the milk and plant in question. The milk sold by appellees is good wholesome milk which has passed all public health requirements of Dallas and the State. To pay the inspection fee demanded by the City on all of the milk processed by it would require payment of an inspection fee amounting to almost 60¢ a gallon for the milk sold in Abilene. Under the ordinance the City seeks to charge appellees with an inspection fee of $2.50 on each 1,000 gallons of the 23,000 gallons of milk processed daily by Tennessee Dairies outside the City. The City charges an inspection fee of 60¢ on each 1,000 gallons of milk processed in Abilene.

The court found the facts substantially as stated above. The court found that the inspection fee demanded was unreasonable and discriminatory; that it was more than four times the fee charged the local producers; that it was an unfair method of eliminating competition and that the public health did not require another inspection at such cost. The court further found that the ordinance was void "so far as the relief sought is concerned" and the City had an adequate remedy at law and this was "not a proper matter for injunctive relief."

"An ordinance may operate reasonably in some instances or circumstances, and unreasonably in others." 62 C.J.S., Municipal Corporations, § 204 page 382.

The question of unreasonableness of ordinances "may depend upon their operation upon particular persons or conditions of fact which cannot be known to the court until made to appear by evidence. Their effect may be just and reasonable in general, but in particular instances may be arbitrary and oppressive to the extent of invading fundamental rights." City of Brenham v. Holle & Seelhorst, Tex.Civ.App., 153 S.W. 345, 348, writ ref.

In Houston & Texas Central Railroad Co. v. City of Dallas, 98 Tex. 396, 84 S.W. 648, 70 L.R.A. 850, our Supreme Court held that the question of invalidity of an ordinance because of its unreasonableness might depend upon its operation upon particular conditions of fact; that its effect may be just and reasonable in general but arbitrary and oppressive in a particular instance. See also 62 C.J.S., Municipal Corporations, § 204, pages 381, 382.

"An excessive charge for the inspection of such dairies may make the regulation unreasonable and void." 62 C.J.S., Municipal Corporations, § 244, page 600. See also 30 Tex.Jur. 128; Root v. Mizel, 95 Fla. 979, 117 So. 380.

The Tennessee Dairies, as stated, processes 23,000 gallons of milk daily but sells only 90 gallons per day in Abilene. To require payment of an inspection fee of $2.50 per 1,000 gallons on the 23,000 gallons of milk processed daily by the Tennessee Dairies in Dallas would, of course, prohibit the sale of 90 gallons of milk daily in Abilene. This milk and the plant is regularly inspected by the City of Dallas and the State of Texas and a fee paid therefor. There is no intimation that there is not a proper and competent inspection by Dallas or the State, or that the health of the citizens of Abilene might be endangered by failure to have the same milk and plant inspected by a third inspector from Abilene. In this connection, see 36 C.J.S., Food, § 9, page 1063; 43 C.J. 363; Grant v. Leavell, 259 Ky. 267, 82 S.W.2d 283, 285; A-Loaf Baking Co. v. Pace, Tex.Civ.App., 19 S.W.2d 459, 461; Prescott v. City of Borger, Tex.Civ. App., 158 S.W.2d 578, 582, writ ref.

We approve the finding of the court to the effect that the ordinance, as it applies to appellees under the particular circumstances of this case, is unreasonable and discriminatory and, therefore, unenforceable. We conclude that the court did not err in refusing to grant a temporary injunction.

The judgment is affirmed.