**FALFURRIAS CREAMERY COMPANY,**
Appellant,

v.

**CITY OF LAREDO, Appellee.**

No. 12784.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 16, 1955.

Rehearing Denied March 16, 1955.

Kampmann & Kampmann, San Antonio, for appellant.

Frank Y. Hill, Mann & Byfield, Laredo, Bobbitt, Brite & Bobbitt, San Antonio, for appellee.

NORVELL, Justice.

The substantial question involved upon this appeal is whether or not the health officer of the City of Laredo has the right and duty to inspect the facilities of the Falfurrias Creamery Company and those furnishing such company with milk, before issuing a permit to the company to sell its milk and dairy products within the City of Laredo. The milk ordinance of the City of Laredo provides that such inspection shall be made and certain fees charged therefor. The creamery company contends that the payment of such fees would render the selling of milk unprofitable and uneconomical in the City of Laredo. It is urged that the portion of the Laredo milk ordinance relating to inspection, particularly when applied to appellant, is not a valid heath regulation under the police power, but, on the contrary, is an illegal attempt to create and maintain a controlled market for the benefit of local producers of milk products.

■■ It is well settled that under our plan of government the police power extends only to those regulations which are reasonably necessary and appropriate to the protection of the public health, safety and morals. Attempted regulations which extend beyond this legitimate scope of operation of the police power run afoul of the due process of law requirements of both the State and Federal Constitutions. "Any ordinance or statute which prevents any person from engaging in a lawful business cannot be upheld unless protection of life, health or property makes it reasonably necessary." Meridian, Limited v. Sippy, 54 Cal.App.2d 214, 128 P.2d 884, 888.

In our opinion, the decided Texas cases call for a reversal of the judgment rendered herein. Numerous contentions are raised

and discussed in the briefs, but in view of the judicial opinions heretofore written construing the Texas act relating to milk distribution, it is not here necessary to discuss certain propositions asserted nor to set out the provisions of the act in detail. Legislation relating to milk grading and pasteurization was adopted in 1937, by the 45th Legislature, and is codified as Article 165–3, Vernon's Ann.Tex.Stats. This act was considered in detail by the Amarillo Court of Civil Appeals in Prescott v. City of Borger, 158 S.W.2d 578, wr. ref. The Court held illegal and void a provision of the milk ordinance of the City of Borger, which provided, in substance, that no milk or cream should be sold in said City that had been pasteurized outside Hutchenson County (wherein Borger is located) except upon authorization of the City Health Officer. It was directly held that the State of Texas, acting through its Legislature, had entered the field of milk regulation, and that ordinances of cities contrary to the State regulations upon the subject were consequently inoperative.

■ We think it reasonably clear that the purpose of the act, Article 165–3, was to provide for uniform grades and labeling of milk products throughout the State, and that it was contemplated that inspection services should be rendered by the health officers of the various cities and towns of the State under the direction and supervision of the State Health Officer. In a sense, the local health officer acts as an agent of the State, in accordance with regulations prescribed by the State Health Officer. The inspection required is a State inspection, although carried out by local inspectors acting under municipal ordinances enacted in accordance with the State law. A multiple inspection by two or more local health officers is not contemplated by the act. As indicated by the Beaumont Court of Civil Appeals in City of Port Arthur v. Carnation Co., 238 S.W.2d 559, 567, it was not the intent of the Legislature "to authorize a City Health Officer of every city in Texas to require milk plants located in other cities to be inspected by its local

health officer, and to demand such a fee for such services as would in this case be prohibitive and confiscatory."

■ The City of Laredo takes the position that its health officer must inspect all dairies and processing plants of those selling milk or milk products within the City. Its ordinance defines the area of routine inspection as encompassing all territory within a radius of one hundred miles of the City. This area is made the basis of the computation of fees to be charged for inspection services and it is not conceded that this right and duty of inspection is limited to the specified hundred mile area. The plant of the appellant company is located at Falfurrias, Texas, which is approximately 90 miles from Laredo. An inspection service is maintained by the City of Falfurrias which is fully approved and accredited by the State authorities. It is the contention of the company that its plant and milk sources have been inspected and passed by the milk inspection authorities at Falfurrias, and accordingly they are entitled to label and sell their milk products in Laredo, without again submitting to inspection by the Laredo authorities and paying the fees prescribed for such services by the Laredo ordinance. In this position appellant is supported by the authorities. Ex parte Ernest, 138 Tex.Cr.R. 441, 136 S.W. 2d 595; Jones Fine Bread Co. v. City of Groesbeck, 136 Tex. 123, 148 S.W.2d 195; Leach v. Coleman, Tex.Civ.App., 188 S.W. 2d 220; City of Electra v. Carnation Co., Tex.Civ.App., 207 S.W.2d 192; City of Abilene v. Tennessee Dairies, Tex.Civ.App., 225 S.W.2d 429; City of El Paso v. Russell Glenn Distributing Co., Tex.Civ.App., 237 S.W.2d 818; City of Port Arthur v. Carnation Co., Tex.Civ.App., 238 S.W.2d 559.

In McClendon v. City of Hope, 217 Ark. 367, 230 S.W.2d 57, 62, the Supreme Court of Arkansas, in passing upon a statute almost identical with ours, said:

"Under the undisputed facts here the milk sold by appellant is produced and processed under grading provisions identical with those required by the ordinance which Hope was authorized

to, and did, enact. It is also undisputed that the City Milk Inspector of Hope can reasonably satisfy himself that the health officer of Texarkana, Texas, is enforcing the provisions of the standard ordinance without duplicating the inspection work of the Texarkana officer and his assistants. Under these circumstances, we hold it is unreasonable, arbitrary and beyond the power specifically delegated to the City for the Hope Milk Inspector to insist on such duplicate inspection and require appellant to pay the fees provided therefor in Ordinance 644 before he is entitled to a permit to sell milk in the city. As thus applied to appellant, Ordinance No. 644 is invalid.

"In authorizing municipalities to enact the standard milk ordinance the Legislature sought to insure the purity of the milk supplied to a city's inhabitants. As evidenced by Section 12 of the 1939 ordinance, it was also the Legislative purpose to provide for the free flow of wholesome milk products from one community to another unburdened by unnecessary duplication of adequate inspection and the erection of prohibitive trade barriers. As applied to appellant, the fees provided in Ordinance 644 bear no reasonable relation to enforcement of the requirement that the city inspector of Hope satisfy himself that the health officer of Texarkana is enforcing the inspection provisions of the standard ordinance. If the City of Hope can impose the fees set out in Ordinance 644 and require a duplicate inspection of the Borden plant and milkshed, then every other city where products of the Borden plant are sold could repeat the process. One of the purposes of the standard milk ordinance is to restrict the erection of prohibitive trade barriers that would result from such pyramiding of inspection fees and services."

In our opinion, the controlling rules of law are set forth in the above quotations from the opinion of the Arkansas Supreme Court and are in complete accord with the

Texas cases cited. Before issuing a permit, the Laredo Health Officer undoubtedly was under a duty to reasonably satisfy himself that the Health Officer at Falfurrias was making inspections in accordance with the standard ordinance contemplated by the State law. This could be done at comparatively small expense. The record before us demonstrates that the Falfurrias inspection is made in accordance with the regulations of the State Health Officer, and is generally accepted by other cities in the State where the appellant sells its products. In fact, the Laredo Health Officer made no claim that he was dissatisfied with the standard or merits of, the Falfurrias inspection. Such position, in the light of the record, would be wholly arbitrary. His contention, as well as that of the City of Laredo, is that under the ordinance all the milk gathering and processing facilities of the appellant creamery company must be inspected by the Laredo Health Officer or some one acting under his direction.

■■ As the Laredo ordinance contains a provision that, "should any section, paragraph, sentence, clause or phrase of this ordinance be declared unconstitutional or invalid for any reason, the remainder of said ordinance shall not be affected thereby," the ordinance is not void in its entirety. The Health Officer may require an application for a permit in order to reasonably satisfy himself that the milk and dairy products sought to be sold in the City of Laredo have been inspected in accordance with the standard ordinance contemplated by the State law. However, insofar as the ordinance seeks to provide for double inspections, and makes it the duty of the Health Officer of Laredo to inspect all milk plants and processing plants of those desiring to sell dairy products in the City of Laredo, it constitutes an unreasonable burden upon commerce. Such provisions are beyond the scope of the police power of the City, in view of the State legislation and regulations relating to the subject.

In our opinion, the following portions of the Milk Ordinance of the City of Laredo are invalid and unenforcible, for the reasons above stated: Paragraph 2 of Subsection D, of Section 3; Subsections E and F of Section 3; Sections 5 and 6; that part of Section 7 which provides that, "The grades of all milk or milk products consumed or intended for consumption in the City of Laredo or its police jurisdiction shall be awarded only by, and after, the health officer has made all the inspections required by this ordinance for such grading. Said health officer shall not accept the inspections, examination or certificate of any health officer of any other city or police jurisdiction, except as herein otherwise expressly provided," as well as all other provisions contained in said section which would prevent the Health Officer of Laredo from accepting an inspection made by the duly authorized health officer of another municipality acting in accordance with State law.

We are further of the opinion that the application made by appellant for a permit to sell its products within the City of Laredo was in all things sufficient and accompanied by an adequate tender of a reasonable fee for such permit; that it being shown that appellant's plants and facilities are standard and have been duly inspected as required by law, such permit should be granted, and, if necessary, appellees enjoined from interfering with appellant's sale of its products within the City of Laredo.

It should be noted that the City of Laredo took the position throughout this litigation that its ordinance was valid and enforcible, and filed this suit for declaratory judgment to determine whether or not the ordinance was constitutional. Certain portions of the ordinance are invalid, as above indicated. We do not anticipate that the City will continue to enforce these provisions, however, we will remand the case to the trial court for such other and further proceedings as may be necessary and are not inconsistent with this opinion.

The judgment of the trial court is accordingly reversed and the cause remanded.