

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 8, 1959

Honorable Don Kennard, Chairman
Public Health Committee
House of Representatives
Austin, Texas

Opinion No. WW-622

Re: Constitutionality of
House Bill No. 50.

Dear Mr. Kennard:

You have requested an opinion from this office concerning four questions in regard to House Bill No. 50. The first of these questions is:

"Is House Bill 50 which requires labeling of milk with the minimum milk fat or butterfat content a reasonable exercise of the police powers of this State and, therefore, constitutional?"

It has been generally held that the courts will not invalidate a statute where the exercise of the power of the Legislature bears a reasonable relation to a legitimate purpose. The test which has been applied in determining the validity within the police power, is whether the ends sought to be attained are appropriate and the regulations prescribed are reasonable. The courts have further held that the measure of reasonableness of a police regulation is what is fairly appropriate to its purpose under all circumstances, and not necessarily what is best. The test of reasonableness is whether the attempted regulation makes efficient constitutional guarantees and conserves rights, or is distructive of inherent rights. The presumption is in favor of the reasonableness and validity of the law, and to justify interference, excessive and oppressive abuse of power must be shown. <u>Spann v. City of Dallas</u>, 111 Tex. 350, 235 S.W. 513 (1921); <u>City of Coleman v. Rhone</u>, 222 S.W.2d 646 (Tex.Civ.App. 1949, error ref.); <u>Ex parte Smythe</u>, 116 Tex. Cr. R. 146, 28 S.W.2d 161 (1930); <u>Houston & T.C.Ry.Co. v. Dallas</u>, 98 Tex. 396, 84 S.W. 648 (1905); <u>Neel v. Texas Liquor Control Board</u>, 259 S.W.2d 312 (Tex.Civ.App. 1953, error ref. n.r.e.); <u>Brown v. Humble Oil & Refining Co.</u>, 126 Tex. 296, 211 S.W.2d 204 (1948); American

Federation of Labor v. Mann, 188 S.W.2d 276 (Tex.Civ.App. 1945).

In 16 Corpus Juris Secundum 951, Sec. 198, it is stated:

> ". . . All matters relating to the policy, wisdom, or expediency of particular regulations under the police power are exclusively or primarily for legislative, rather than judicial, determination, and the determination of the legislature in this regard will not be disturbed by the courts, unless such regulation has no relation to the ends for which the police power exists. Moreover, courts generally are indisposed to suffer the police power to be impaired or defeated by constitutional limitations.

> "When, therefore, a subject lies within the police power of the state, debatable questions as to reasonableness are not for the courts but for the legislature, which is entitled to form its own judgment; and its action within its range of discretion cannot be set aside because compliance i‿ burdensome. . . ." (Citing authorities)

In applying the test that the courts have used in determining the validity of a statute within the police power of the state, we find that the purpose stated in House Bill 50 is to require the labeling of the minimum percentage of milk fat or butterfat content of all milk produced, offered for sale, or sold in this state.

Article 165-3, Vernon's Civil Statutes of Texas, provides for a system of grading of milk and milk products in Texas and labeling such milk in the classifications of either A, B, C, or D, as the State Health Officer shall determine and he shall base same on the specifications set forth in the current United States Public Health Service Milk Ordinance. The courts of this state have upheld the validity of Article 165-3, Revised Civil Statutes, in Prescott v. City of Borger, 158 S.W.2d 578; Port Arthur v. Carnation Co., 238 S.W.2d 559, and Falfurrias Creamery Company v. City of Laredo· 276 S.W.2d 351.

Both House Bill 50 and Article 165-3, Revised Civil Statutes, define milk:

". . .to be the lacteal secretion ob-
tained by the complete milking of one or more
healthy cows, . . . which contains not less
than eight percent (8%) of milk solids-not-
fat, and not less than three and one-fourth
percent (3¼) of milk fat."

House Bill 50 seeks to go one step further than
Article 165-3 by requiring that each container of milk list the
minimum percentage of milk fat or butterfat content of such
milk therein.

It is our opinion  that the Legislature has the right
to protect the public by guaranteeing to the purchasers of
milk for consumption, that they are receiving that quality of
milk they are paying for and that this requirement is not an
unreasonable exercise of the State's police powers.

Section 6 of House Bill 50, states as follows:

"Any person violating any provision of this
Act shall be fined by the Department in the sum
of not less than Twenty-five ($25.00) Dollars nor
more than Two Hundred ($200.00) Dollars and each
separate violation shall constitute a separate
offense."  (Emphasis added)

Section 1 of Article II of the Texas Constitution,
provides that:

"The powers of the Government of the State
of Texas shall be divided into three distinct
departments, each of which shall be confided to
a separate body of magistracy, to wit:  Those
which are Legislative to one; those which are
Executive to another, and those which are
Judicial to another; and no person, or collection
of persons, being of one of these departments, shall
exercise any power properly attached to either of
the others, except in the instances nerein expressly
permitted."

Section 19 of Article V of the Texas Constitution,
provides in part:

"Justices of the peace shall have jurisdiction
in criminal matters of all cases where the
penalty or fine to be imposed by law may not be more

than for two hundred dollars, . . ."

The State Department of Public Health has no constitutional authority to impose a criminal penalty of this kind as it is not a Court and to give them such authority by the legislature would be in violation of the above quoted constitutional provision.

It is, therefore, our opinion that the answer to your first question is that House Bill 50 is not an unreasonable exercise of the police powers of this State and is, therefore, constitutional, with the exception that Section 6 above quoted is unconstitutional for the resons stated.

Your second question is:

"To what extent would House Bill 50, if enacted into law, conflict with existing law, particularly Article 165-3, V.C.S., relating to the labeling of milk and milk products?  In this connection your attention is invited to that provision of the proposed bill which states that it is to be 'cumulative' of other laws."

Volume 10, Words and Phrases Permanent Edition, page 653, defines the term "cumulative":

". . . indicates a harmonious coexistence and cooperation rather than a consolidation of two things into one."  Citing, State v. Laredo Ice Co., 73 S.W. 951, 952, 96 Tex. 461.

Article 165-3, Vernon's Civil Statutes gives the State Health Officer the authority to fix the specificatons for grading milk in the State and establishing the rules by which any person, firm, association or corporation desiring to use any of these grades in representing, publishing or advertising any milk product offered for sale.  House Bill 50 provides for the labeling of the minimum percentage of milk fat or butterfat content of all milk produced, offered for sale, or sold in glass bottles within this State with certain exceptions.

In our opinion there is no conflict between the two and House Bill 50 would be "cumulative" of all other laws.

Your third question is:

"Does the language contained in Sections
2, 3 and 4 pertaining to the label containing
'the minimum percentage of milk fat or butter-
fat content of such milk' mean (a) that the
minimum percentage of milk fat allowed by law
for such milk in the particular container is
to be on the label thereof; or-(b) that the
milk fat content of such milk in that parti-
cular container must be on the label thereof?
Furthermore, would not the ambiguity, conflicts
and uncertainity of these provisions result
in repeal by implication the present statutes?"

Both Article 165-3, Revised Civil Statutes and
House Bill 50 define the minimum percentage of milk fat
allowed by law in this State.  In our opinion House Bill 50
does not intend to diminish nor to restrict the milk fat
or butterfat content below the minimum standard required by
Article 165-3, but provides that whatever statement is used
on these containers must state the minimum percentage of milk
fat or butterfat content of the milk in the container.

It is, therefore, our opinion that "the milk fat
content of such milk in that particular container must be
on the label thereof".

Your fourth question is:

"What regulatory agency would enforce the
provisions of House Bill 50 if it is enacted
into law?"

In the event that the words "by the department" are
deleted from Section 6, it will be the duty of the District
or the County Attorney in the County where an offense against
the Penal Laws occurs, to prosecute the violator or violators
in a court of competent jurisdiction.

It is our opinion that the State Department of
Public Health would be charged with the duty of investiga-
tion to see that the provisions of this Act are enforced
and to file the necessary complaints against those who
would violate its provisions.

## SUMMARY

1.  House Bill 50, which would require
labeling of milk with the minimum milk fat

or butterfat content, is reasonable exercise of the police powers of this State and is constitutional. However, Section 6 of House Bill 50 which authorizes the Department to impose a fine on a violator is unconstitutional for stated reasons.

2. House Bill 50 would be "cumulative" of other laws, particularly Article 165-3 Revised Civil Statutes.

3. The language contained in Sections 2, 3 and 4 of House Bill 50 pertaining to the label containing "the minimum percentage of milk fat or butterfat content of such milk" means that the milk fat content of such milk in that particular container must be on the label thereof.

4. The District or the County Attorney would enforce the provisions of House Bill 50 if it is enacted into law, and the State Department of Public Health would be charged with the duty of investigation to see that the provisions are not violated.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
Leon F. Pesek
Assistant

LFP:sd

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

L. P. Lollar
Leonard Passmore
Joe Allen Osborn
James Daniel McKeithan
Tom I. McFarling

REVIEWED FOR THE ATTORNEY
GENERAL

BY: W. V. Geppert.