

# Office of the Attorney General
## State of Texas

August 30, 1995

**DAN MORALES**
ATTORNEY GENERAL

Honorable Ron Wilson
Chair
Licensing and Administrative Procedures
House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-364

Re: Whether a rapid transit authority established under V.T.C.S. article 1118x (to be recodified as Transportation Code chapter 451) may prohibit a concealed handgun licensee from carrying a concealed handgun on a public conveyance operated by the rapid transit authority; whether a city or county may prohibit a concealed handgun licensee from carrying a concealed handgun in a city or county park (RQ-828)

Dear Representative Wilson:

You ask three questions about the recently enacted concealed handgun law, Act of May 16, 1995, 74th Leg., R.S., ch. 229, 1995 Tex. Sess. Law Serv. 1998, section 1 of which is to be codified as V.T.C.S. article 4413(29ee). The first two questions involve the effect of that law on the authority of a rapid transit authority, created pursuant to V.T.C.S. article 1118x (to be recodified as chapter 451 of the Transportation Code, *see* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Sess. Law Serv. 1025, 1357-96), to prohibit the carrying of a concealed handgun on a public conveyance:

    1. Section 13 of Article 1118x of the Texas Revised Civil Statutes, Annotated,[1] as amended by S.B. 971, 74th Legislature which

---

[1] Section 13 provides in pertinent part:

    (a) The board may adopt and enforce reasonable rules and regulations:

        (1) to secure and maintain safety and efficiency in the operation and maintenance of its system . . .

    . . . .

    (b) A condensed substantive statement of the rules and regulations shall be published after adoption once a week for two consecutive weeks in a newspaper with general circulation in the area in which the authority is located, which notice shall advise that the full text of the rules and regulations is on file in the principal office of the authority where it may be read by any interested person. Such rules and regulations shall become effective 10 days after the second publication.

codified it under Section 451.107, Transportation Code,[2] relates to the authority granted a rapid transit authority to "adopt and enforce reasonable rules and regulations . . . to secure and maintain safety and efficiency in the operation and maintenance of the system . . . ." Pursuant to this statutory provision, may an "Authority" prohibit a person who is licensed to carry a concealed handgun under Article 4413(29ee) of the Texas Revised Civil Statutes Annotated, from carrying a concealed handgun while a passenger on a vehicle used by the "Authority" to provide public transportation?

2. Under Section 32 of Article 4413(29ee) of the Texas Revised Civil Statutes Annotated,[3] may an Authority prohibit a person who is licensed to carry a concealed handgun from carrying a concealed

---

(footnote continued)

V.T.C.S. art. 1118x, § 13(a)(1), (b). The Seventy-fourth Legislature has repealed article 1118x; the repeal becomes effective on September 1, 1995. Act of May 1, 1995, 74th Leg., R.S., ch. 165, §§ 24, May 27, 1995 Tex. Sess. Law Serv. 1025, 1870, 1871.

[2]Section 451.107 provides in pertinent part:

RULES. (a) The board by resolution may adopt rules for:

> (1) the safe and efficient operation and maintenance of the transit authority system . . .

> . . . .

> (b) A notice of each rule adopted by the board shall be published in a newspaper with general circulation in the area in which the authority is located once each week for two consecutive weeks after adoption of the rule. The notice must contain a condensed statement of the substance of the rule and must advise that a copy of the complete text of the rule is filed in the principal office of the authority, where the text may be read by any person.

> (c) A rule becomes effective 10 days after the date of the second publication of the notice under this section.

Act of May 1, 1995, 74th Leg., R.S., ch. 165, sec. 1, § 451.107(a)(1), 1995 Tex. Sess. Law Serv. 1025, 1368 (to be codified as Trans. Code § 451.107(a)(1)). The Transportation Code becomes effective on September 1, 1995. Id. § 27, at 1871.

[3]Section 32 provides as follows:

> RIGHTS OF EMPLOYERS. This article does not prevent or otherwise limit the right of a public or private employer to prohibit persons who are licensed under this article from carrying a concealed handgun on the premises of the business.

Act of May 16, 1995, 74th Leg., R.S., ch. 229, § 1, 1995 Tex. Sess. Law Serv. 1998, 2012 (to be codified as V.T.C.S. art. 4413(29ee), § 32).

> handgun while a passenger on a vehicle used by the "Authority" to
> provide public transportation? [Footnotes added.]

The third question involves the effect of the handgun law on the authority of a city or county to prohibit concealed handguns in a city or county park:

> 3. Under Article 4413(29ee) of the Texas Revised Civil Statutes
> Annotated, effective September 1, 1995, are governing bodies of
> cities and counties granted authority to post notice and preclude the
> holder of a concealed carry permit from carrying a concealed weapon
> while on the premises of a city or county controlled park?

We answered the second question in Attorney General Opinion DM-363, which we have issued contemporaneously with this opinion. There we concluded that section 32 applies only to a public or private employer's employees who are licensed under article 4413(29ee) and not to other persons who are licensed under article 4413(29ee). *See* Attorney General Opinion DM-363 (1995) at 5. Therefore, section 32 does not dispose of the issue of whether a rapid transit authority may prohibit all concealed handguns from its vehicles.

In regard to your first question, we note that the concealed handgun law itself does not grant a right to carry a concealed handgun wherever the licensee chooses. The statute does, however, amend various Penal Code provisions regarding the carrying of prohibited weapons, particularly Penal Code section 46.02, which otherwise would make the carrying of such a weapon unlawful. Attorney General Opinion DM-363 (1995) at 1-2. Therefore, the statute does not affect the power, if any, of a rapid transit authority to prohibit the carrying of handguns on its vehicles.

Section 13 of article 1118x is a possible source of such a power. A rapid transit authority may invoke the police power delegated to it in section 13[4] to abridge the right of a citizen to use his private property if the use will endanger public safety in a rapid transit system. *See Spann v. City of Dallas*, 235 S.W. 513, 515 (Tex. 1921). To be a valid exercise of police power, the means adopted by a rule, such as the exclusion or ejection of persons carrying handguns, must be reasonably necessary and appropriate for the accomplishment of a legitimate object falling within the rapid transit authority's police power, such as the maintenance of the safety of the rapid transit system. *See Falfurrias Creamery Co. v. City of Laredo*, 276 S.W.2d 351, 353 (Tex. Civ. App.--San Antonio 1955, writ ref'd n.r.e.).

---

[4]In Attorney General Opinions H-119 and H-1068, this office declared unconstitutional portions of earlier versions of section 13 that "purport[ed] to delegate to transit authorities the power to make violation of its rules and regulations a crime," Attorney General Opinion H-119 (1973) at 8; *accord* Attorney General Opinion H-1068 (1977) at 2-3. The Seventieth Legislature amended section 13 to delete all references to the establishment of penalties for the violation of rules adopted under section 13. *See* Act of June 1, 1987, 70th Leg., R.S., ch. 350, § 2, 1987 Tex. Gen. Laws 1772, 1772-73.

This office cannot determine whether a rapid transit authority rule prohibiting handguns on public conveyances would be reasonably necessary and appropriate for the accomplishment of a legitimate object within the police power of the rapid transit authority. The reasonableness and necessity of a measure taken under the police power is, in the first instance, a matter within the discretion of the governing body taking the measure. *Barrington v. Cokinos*, 338 S.W.2d 133, 141 (Tex. 1960). "Any attempted exercise of the [police] power . . . is always subject to review by the courts on the question of reasonableness," *id.*, but the courts will not disturb the legislative action unless it is clearly shown to be unreasonable and arbitrary, *State v. Spartan's Indus.*, 447 S.W.2d 407, 414 (Tex. 1969); *see State v. Richards*, 301 S.W.2d 597, 602-03 (Tex. 1957); *City of Coleman v. Rhone*, 222 S.W.2d 646, 649-50 (Tex. Civ. App.--Eastland 1949, writ ref'd).

In answer to your third and last question, we believe that a municipality does not have the power to prohibit licensees from carrying handguns in city parks but that a county does have such power over county parks. Home-rule cities have "full power of self-government, that is, full authority to do anything the legislature could theretofore have authorized them to do." *Forwood v. City of Taylor*, 214 S.W.2d 282, 286 (Tex. 1948); *see* Tex. Const. art. XI, § 5; Local Gov't Code § 51.072. They "look to the Legislature not for grants of power, but only for limitations on their power." *Dallas Merchants & Concessionaires Ass'n v. City of Dallas*, 852 S.W.2d 489, 490-91 (Tex. 1993). "The powers of home rule cities are subject to and may be limited only by their charters or by the Constitution or by general law." *Lower Colo. River Auth. v. City of San Marcos*, 523 S.W.2d 641, 644 (Tex. 1975). "If the Legislature chooses to preempt a subject matter usually encompassed by the broad powers of a home-rule city, it must do so with unmistakable clarity." *Dallas Merchants & Concessionaires Ass'n*, 852 S.W.2d at 491. As for non-home-rule municipalities, "[t]he [police] power rests in the State, but by legislative grant may also be exercised by municipalities." *Coleman v. Rhone*, 222 S.W.2d 646, 648 (Tex. Civ. App.--Eastland 1949, writ ref'd). Similarly, a commissioners court has no general police power, but it "does have . . . those powers expressly conferred upon it by the Constitution and by the Legislature, together with such implied powers as are necessary to exercise the powers expressly conferred." *Travis County v. Colunga*, 753 S.W.2d 716, 720 (Tex. App.--Austin 1988, writ denied) (citing *Canales v. Laughlin*, 214 S.W.2d 451 (Tex. 1948); *Clark v. Finley*, 54 S.W. 343 (Tex. 1899)).

Section 331.007 of the Local Government Code specifically recognizes the police power over its parks that a home-rule municipality already possesses and grants non-home-rule municipalities and counties police power over their parks. That section provides in pertinent part: "A park . . . shall be open for the use of the public under rules prescribed by the governing body of the park . . . ." In addition, section 51.001 of the Local Government Code generally grants police power to a municipality. Section 51.001 provides:

> The governing body of a municipality may adopt, publish, amend, or repeal an ordinance, rule, or police regulation that:

> (1) is for the good government, peace, or order of the municipality or for the trade and commerce of the municipality; and
>
> (2) is necessary or proper for carrying out a power granted by law to the municipality or to an office or department of the municipality.

We believe the police power granted in section 51.001 would include a municipality's power to regulate its parks. *Cf. Massengale v. City of Copperas Cove*, 520 S.W.2d 824, 828 (Tex. Civ. App.--Waco 1975, writ ref'd n.r.e.) (non-home-rule city's ordinance allowing private club to sell alcoholic beverages in city only if club was located in use district was valid exercise of city's police power under predecessor of section 51.001).

The Seventy-fourth Legislature, in the concealed handgun law, tempered a municipality's police power over its parks by amending section 215.001 of the Local Government Code. Before the amendment section 215.001 read in pertinent part:

> (a) A municipality may not adopt regulations relating to the transfer, private ownership, keeping, transportation, licensing, or registration of firearms, ammunition, or firearm supplies.
>
> (b) Subsection (a) does not affect the authority a municipality has under another law to:
>
> . . . .
>
> (6) regulate the carrying of a firearm at a:
>
> (A) public park . . . .

Local Gov't Code § 215.001(a), (b)(6). The amendment adds an exception to subsection (b)(6) of section 215.001 so that it now reads in pertinent part:

> (b) Subsection (a) does not affect the authority a municipality has under another law to:
>
> . . . .
>
> (6) regulate the carrying of a firearm *by a person other than a person licensed to carry a concealed handgun under Article 4413(29ee), Revised Statutes*, at a:
>
> (A) public park . . . .

Act of May 16, 1995, 74th Leg., R.S., ch. 229, § 7, 1995 Tex. Sess. Law Serv. 1998, 2014-15 (added language italicized). The legislature thus has specifically taken away a municipality's authority to prohibit or restrict the licensed carrying of a concealed handgun in a public park.

Neither the concealed handgun law nor any other statute has restricted a county's police power over its parks under section 331.007 of the Local Government Code. We believe that section 331.007 permits the "governing body of a [county] park" to adopt a rule providing for the exclusion or ejection of persons carrying handguns from a county park if such a rule is reasonably necessary and appropriate for the accomplishment of a legitimate object falling within the county's police power under section 331.007. *See Falfurrias Creamery Co. v. City of Laredo*, 276 S.W.2d at 353.

The principles stated above regarding a rapid transit authority's initial determination of the propriety of an exercise of police power and judicial review of that determination also apply to counties: the reasonableness and necessity of a measure taken under the county's police power is, in the first instance, a matter within the county's discretion; and the courts would not disturb a county's regulation of handguns in county parks unless the regulation were clearly shown to be unreasonable and arbitrary. Therefore, this office cannot determine whether a county ordinance prohibiting handguns in a county park would be reasonably necessary and appropriate for the accomplishment of a legitimate object within the police power of the county under section 331.007.

## S U M M A R Y

Section 32 of V.T.C.S. article 4413(29ee) does not affect the power, if any, of a rapid transit authority to prohibit the carrying of handguns on its vehicles by persons other than employees of the rapid transit authority.

A rapid transit authority may invoke the police power delegated to it in section 13 of V.T.C.S. article 1118x to abridge the right of a citizen to use his private property if the use will endanger public safety in the rapid transit system. The reasonableness and necessity of a measure taken under the rapid transit authority's police power is, in the first instance, a matter within the authority's discretion. The courts would not disturb a rapid transit authority's regulation of handguns on public conveyances unless the regulation were clearly shown to be unreasonable and arbitrary.

The legislature, in the concealed handgun law, has specifically taken away from a municipality the authority to prohibit the licensed carrying of concealed handguns in a city or county park. *See* Act of May 16, 1995, 74th Leg., R.S., ch. 229, § 7, 1995 Tex. Sess. Law Serv. 1998, 2014-15.

A county has the power to adopt a rule providing for the exclusion or ejection of persons carrying handguns from county parks if such a rule is reasonably necessary and appropriate for the accomplishment of a legitimate object falling within the county's

police power under section 331.007 of the Local Government Code. The reasonableness and necessity of a measure taken under the county's police power is, in the first instance, a matter within the county's discretion. The courts would not disturb a county's regulation of handguns in county parks unless the regulation were clearly shown to be unreasonable and arbitrary.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General